[803 NYS2d 147]

In the Matter of Amos Weinberg, an Attorney, Respondent.
Grievance Committee for the Tenth Judicial District,
Petitioner.

Second Department, October 31, 2005

APPEARANCES OF COUNSEL

*Faith Lorenzo*, Hauppauge, for petitioner.

*Agoglia, Holland & Agoglia, P.C.*, Jericho (*Emmet J. Agoglia* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition, dated December 23, 2003, as amended by stipulation dated June 8, 2004, and June 9, 2004, containing 10 charges of professional misconduct. Charges Nine and Ten were withdrawn by the petitioner on the second day of the hearing after extensive testimony by its witness. After a prehearing conference on March 1, 2004, and hearings on September 24, 2004 and September 29, 2004, the Special Referee failed to sustain any of the remaining eight charges. The petitioner now moves to disaffirm the Special Referee's report and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent's counsel has submitted a memorandum in opposition to the motion.

Charge One alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about May 2001, the respondent represented the plaintiff in *Feathered Nest v Prince*, an action to recover a debt allegedly owed by the defendant, Dr. Prince, who was represented by Michael Finder, Esq.

The matter was settled on or about May 8, 2001, pursuant to a stipulation signed by the respondent and Mr. Finder. Pursuant to the terms of the stipulation, Dr. Prince was to tender the sum of $4,744.80 to the respondent in settlement of the action. Upon receipt of payment, the respondent was to deliver a general release to the defendant's attorney to hold in escrow, pending availability of funds on the settlement check. On or about May 8, 2001, Mr. Finder tendered the settlement check to Carla McBeath, an employee of the respondent. Ms. McBeath drafted the stipulation of settlement. After receipt of the settlement check in the respondent's office, Ms. McBeath did not deliver an acceptable general release in favor of Dr. Prince, as required by the terms of the stipulation.

During the course of settlement negotiations and following execution of the stipulation, Ms. McBeath held herself out to Mr. Finder as an admitted attorney. At no time during her employment with the respondent was Ms. McBeath admitted to practice law in New York State. The respondent was aware of this. He was also aware that Ms. McBeath was identifying herself as an attorney when handling legal matters for him. The respondent was aware that Ms. McBeath would settle legal matters on behalf of his clients, without his prior knowledge. The petitioner submitted copies of letters on the respondent's letterhead signed by Carla R. McBeath, Esq.

On or about May 11, 2001, the respondent deposited settlement funds in the amount of $4,744.80 into his attorney trust account at Chase Bank. On or about May 22, 2001, the respondent disbursed $3,532.35 of the settlement funds to Feathered Nest and received $1,177.45 as an attorney's fee from Feathered Nest. There was also a cost expense of $35. The check to Feathered Nest cleared the respondent's attorney trust account on June 4, 2001. At no time before the disbursement of settlement proceeds did the respondent deliver the executed general release as required by the terms of the stipulation. The respondent did not tender an acceptable general release to Mr. Finder until approximately January 22, 2004.

Charge Three is also predicated upon the facts set forth in Charge One and alleges, inter alia, that the respondent engaged in conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Four alleges that the respondent failed to properly preserve funds entrusted to him in escrow, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

In or about February 2002, the respondent represented the plaintiff in *Galaxy Management Group v Thor Technologies*, an action to recover a debt. The defendant Thor Technologies was represented by Robert S. Bennett, Esq. A settlement agreement was reached on or about February 8, 2002. The settlement was memorialized by a letter dated February 8, 2002 from the respondent to Mr. Bennett, which stated that the respondent was forwarding to Mr. Bennett a satisfaction of judgment, a stipulation of discontinuance, and a general release form. The respondent indicated that he would hold the proceeds of the settlement in escrow until receipt of the executed release.

The respondent received a check in the amount of $20,000 from Thor Technologies on or about February 11, 2002, which he deposited into his escrow account. On or about February 21, 2002, he disbursed those funds as follows: $14,934.38 to Galaxy Management, $4,978.13 to himself as an attorney's fee, and $87.50 to himself, representing costs. The remittance check to Galaxy Management cleared the respondent's trust account on February 28, 2002. The respondent did not send an executed release for Thor Technologies to Mr. Bennett before disbursing the settlement funds to Galaxy Management, as required by the settlement agreement. The respondent did not deliver the executed release to Mr. Bennett until July 1, 2002, after the latter filed a complaint with the petitioner.

Charge Five is predicated upon the facts set forth in Charge Four and alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). ·

Charge Six is also predicated upon the facts set forth in Charge Four and alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Seven alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

On or about April 3, 2001, the respondent was retained by Joseph Affrunti, vice-president of Albertson Electric, Inc., to recover a debt of $4,543.45 on behalf of the company. The respondent commenced an action entitled *Albertson Electric, Inc. v Stuart Mays and SGM Knitwear, Inc.*, to recover this amount. A default judgment in the amount of $5,118.41, dated July 12, 2001, was entered against the defendants. On or about July 20, 2001, the respondent sent a property execution to the Nassau County Sheriff, demanding that the judgment be satisfied out of the personal property of the judgment debtor. The respondent thereafter sent restraining notices and information subpoenas to various banks in an attempt to locate the defendants' assets. By letter dated July 31, 2001, the respondent advised Mr. Affrunti of the restraining notices and undertook to notify him of any accounts located.

By letter dated August 23, 2001, European American Bank notified the respondent that it was holding $10,236.82 pursuant to the restraining notice. By letter also dated August 23, 2001,

the respondent informed Mr. Affrunti that the City Marshal returned the property execution unsatisfied, that the banks returned negative information, and that he had no choice but to close the file.

By letter dated August 31, 2001, the respondent advised the Nassau County Sheriff of the restrained account at European American Bank and provided the Sheriff's fee for mileage and for notice to the judgment debtor. The Sheriff thereafter made levy and demand upon the bank, which had merged with Citibank. By letter dated October 23, 2001, the Sheriff advised the respondent that Citibank failed to respond to its demand and asked whether he intended "to proceed to determine the defendant's assets by examination." The respondent took no steps to contact the Sheriff or the bank or to discuss this matter with Mr. Affrunti.

On December 10, 2001, the respondent sent Mr. Affrunti a letter identical to his letter dated August 23, 2001, indicating that he had no choice but to close the file. Mr. Affrunti provided the respondent with a recently-cancelled check from the defendant's Citibank account and requested that the respondent continue attempts to collect the judgment. The respondent made no further attempts to do so. On or about January 23, 2002, the respondent settled the action against the defendants for $3,500, without Mr. Affrunti's knowledge or consent.

The respondent signed a satisfaction of judgment dated January 25, 2002, stating that the judgment in favor of Albertson Electric, Inc., in the amount of $5,118.41, against the defendants Stuart Mays and SGM Knitwear, Inc., was fully paid. The respondent sent Mr. Affrunti a remittance statement, dated January 31, 2002, indicating that $3,500 had been collected from the defendants, that he was retaining $885.51 as an attorney's fee and $138.30 as costs, and that the balance, after a "direct payment" of $73.44, of $2,583.10 was being remitted to Mr. Affrunti. The respondent entered into a settlement agreement with the defendants and delivered a satisfaction of judgment without the knowledge or consent of his client, Mr. Affrunti.

After receiving the January 31, 2002, remittance statement, Mr. Affrunti called the respondent's office to voice his objection to the settlement of the case without his consent. Although the respondent was aware of Mr. Affrunti's telephone call, he had no further contact with him.

Charge Eight is predicated upon the facts set forth in Charge Seven and alleges that the respondent engaged in conduct that

adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Based on the evidence adduced, we conclude that the Special Referee erred in failing to sustain Charge One, Charge Three, in part, and Charges Four through Eight. Accordingly, the motion to disaffirm the Special Referee's report is granted to the extent that Charge One, Charge Three to the extent that it alleges a violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), and Charges Four, Five, Six, Seven and Eight are sustained, and is denied to the extent that the Special Referee's findings that Charge Two and the balance of Charge Three are not sustained is confirmed.

In determining an appropriate measure of discipline to impose, the petitioner points out that the respondent has a disciplinary history consisting of three letters of caution and one admonition. On April 18, 1997, he was cautioned for failing to provide his client with the written retainer required by all attorneys retained in a contingent fee matter and for settling a collection matter without the permission of his client. The petitioner noted that the respondent's own motion regarding practicality cannot be substituted for his client's decision. It was further noted that such conduct was considered problematic and that only the relatively low dollar amount of the collection settlement avoided the issuance of a more severe sanction.

On June 20, 1997, the petitioner cautioned the respondent for failing to provide his client with a retainer agreement as required in a contingent fee arrangement. On June 30, 2000, the petitioner cautioned the respondent for communicating with a represented party despite clear instructions to cease such communication, in violation of Code of Professional Responsibility DR 7-104 (a) (1) (22 NYCRR 1200.35 [a] [1]).

On September 18, 2001, the petitioner issued a letter of admonition for the respondent's failure to inform a debtor that there was no valid debt and, therefore, no merit to the threatened litigation.

The respondent submitted a separate memorandum in which he takes issue with the facts underlying each matter and the conclusions reached by the petitioner. Having failed to avail himself of the review mechanism set forth in 22 NYCRR 691.6 (a), the respondent will not be heard to raise such objections at this juncture.

Notwithstanding the efforts of the respondent to cast his derelictions in the light of mere office failures and "de minimis," "ambiguous" violations of the rules, we find that ample evidence of Disciplinary Rule violations has been established. Although no serious harm resulted to his clients in these three collection matters, the respondent has engaged in various practices which should not be condoned. Under the totality of circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and RITTER, JJ., concur.

Ordered that the motion to disaffirm the Special Referee's report is granted to the extent that Charge One, Charge Three to the extent that it alleges a violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), and Charges Four, Five, Six, Seven and Eight are sustained and the motion is otherwise denied; and it is further,

Ordered that the respondent, Amos Weinberg, is suspended from the practice of law for a period of one year, commencing November 30, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the said period of one year, upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Amos Weinberg, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Amos Weinberg, has been issued a secure pass by the Office of Court Administration, it

shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).