Golia, J.E
(dissenting and voting to affirm the order in the following memorandum). There are a variety of reasons why the majority opinion should not stand as it is.
Although I disagree with my colleagues in their penultimate determination of reversing the motion court, it is their ultimate determination of ordering that the “default judgment [be] reinstated” that I see as more disturbing, inasmuch as I find that it is in direct contravention of this court’s prior ruling in East Acupuncture, P.C. v Allstate Ins. Co. (15 Misc 3d 104 [App Term, 2d & 11th Jud Dists 2007]), affirmed by the Appellate Division, Second Department (61 AD3d 202 [2009]).
I also disagree with the majority’s holding that since “the issue was raised neither in the Civil Court nor on appeal, we do not pass upon whether the accrual of interest may be tolled.”
The Appellate Division, Third Department, reached a similar conclusion in the case of LMK Psychological Seros., P.C. v State Farm Mut. Auto. Ins. Co. (46 AD3d 1290 [2007]). In that case, *38 the Appellate Division found (id. at 1291) that “we first reject defendant’s contention that Supreme Court improperly awarded interest to plaintiffs by not tolling the interest . . . Since defendant failed to raise this challenge . . . before Supreme Court, the issue is unpreserved for our review.”
The Court of Appeals in LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co. (12 NY3d 217 [2009]) notably reversed the Appellate Division and addressed that issue in great detail. Upon careful analysis, it found that the accumulation of punitive interest should have been tolled. The Court of Appeals therefore reversed the decision of the Appellate Division and remitted the matter back to the Supreme Court for further proceedings in accordance with its opinion. That included an interest recalculation which does not include those periods in which the accumulation of interest was tolled.
I do not cite the Court of Appeals decision in LMK Psychological Servs., P.C. as being dispositive of the issue of “tolling” in this case, only as to the fact that the Appellate Division has the authority, indeed the duty, to address such issue.
This court, as well as the Appellate Division in East Acupuncture, P.C., found that the rates of interest assessed against an insurer in the regulations are punitive and are meant to deter dilatory responses to claims and to establish a quick, sure and efficient system for obtaining compensation for economic loss. Consequently, there cannot be any disparate treatment by a provider or an eligible injured insured that would contravene that goal. Neither the eligible injured insured nor his assignee/ medical provider can wilfully circumvent the rules in order to reap the benefit of punitive interest rates of 24% per annum as was done here.
The specifics of the East Acupuncture, P.C. case deal with a claimant who elects to wait well in excess of the ripening of a claim prior to commencing an action at law in order to obtain the most benefit from favorable and punitive interest rates.
Indeed, the case before us presents an even more abusive use of court procedures and rules to obtain a favorable return on the amount of money at issue.
Plaintiffs here moved for summary judgment in the Civil Court, which motion was granted on default by order entered October 10, 2003. That court ruled:
“Plaintiff’s motion for summary judgment is granted on default. Plaintiff is granted summary *39 judgment against defendant in the sum of $9,350.09 with statutory interest from June 18, 2003 and statutory attorney’s fees. Plaintiff is granted leave to enter judgment thirty (30) days after service upon defendant of a copy of this Order with Notice of Entry.”
Plaintiffs’ counsel at the time, Mr. Amos Weinberg, Esq., elected not to serve a copy of that order on defendant on or about the time that decision was rendered. Indeed, he elected not to serve such notice or enter judgment for the entire year of 2004 and for the first 11 months of 2005. Then, on November 22, 2005, Mr. Weinberg signed a substitution of attorney form in this case to the benefit of Ms. Marylou Paolucci, Esq. This substitution of attorney form coincides with Mr. Weinberg’s suspension from the practice of law which became effective on November 30, 2005 (see Matter of Weinberg, 25 AD3d 157 [2005]).
Ms. Paolucci, although newly assigned to this matter, also elected not to serve defendant with the 30-day notice as set forth in the decision and, further, not to enter judgment thereon. Indeed, it appears that Ms. Paolucci elected to take no action in this matter whatsoever during her entire tenure as attorney of record. That tenure lasted nearly two years, from November 22, 2005 until July 11, 2007. On July 11, 2007, she consented to a substitution of attorneys to the benefit once again of Mr. Amos Weinberg. Mr. Weinberg thereupon finally noticed defendant on October 1, 2007, more than 2V2 months later, and then applied for judgment to be entered pursuant to the order entered October 10, 2003, with interest at the rate of 24% from June 18, 2003 to October 1, 2007. Judgment was thereafter entered by the clerk with interest at the rate of 24% from October 10, 2003 to the date of February 26, 2008 in the amount of $10,537.68. This amount of interest was on a judgment in the lesser amount of $9,350.09.
Such tactics are clearly in contravention of this court’s holding in East Acupuncture, P.C. as it was further expanded by the holding of the Appellate Division, Second Department. The Appellate Division stated that “to continue to accrue interest . . . throughout this period of delay [would be Rewarding such delay with what amounts to essentially a windfall of punitive interest payments [and that such] would be at odds with the legislative goal of promptly resolving no-fault claims” (East Acupuncture, P.C. v Allstate Ins. Co., 61 AD3d at 210).
*40 It is for these reasons that I strongly dissent from the majority’s direction that “the default judgment [be] reinstated.” I believe that a court should not allow itself to be even tacitly complicit in such a perversion of the court rules and the Insurance Department Regulations.
Additionally, I simply do not agree with my colleagues that defendant’s motion must be denied. I do not find that the motion court “has improvidently exercised its discretion” in granting defendant’s motion to vacate its default.
Although the majority’s decision accurately notes that defendant received notice of the default in October of 2007 and did not move to vacate such default until April 18, 2008, it fails to mention that defendant’s attorney was in contact with plaintiffs’ attorney and was under the belief that plaintiffs’ counsel was engaged in a good faith effort amongst counsel to resolve the underlying matter. In pursuit of this resolution, defendant’s attorney refrained from filing a motion to vacate while he learned, and then informed plaintiffs’ counsel, that there are records indicating that payments had been made for some of the claims filed.
During the entire period that defendant’s counsel was searching the records and providing information to plaintiffs’ counsel for the purpose of resolving the claim, Mr. Weinberg was busily and surreptitiously submitting proposed judgments for filing, two of which were rejected by the clerk. The mere fact that plaintiffs’ counsel did not specifically agree not to submit a judgment for filing should not be equated with a stated refusal to withhold such application.
It is clear from the totality of the circumstances that defendant’s counsel refrained from filing a motion to vacate defendant’s default under the mistaken belief that plaintiffs’ counsel was engaged in discussing the case in an effort to reach an amicable resolution and would similarly refrain from submitting a judgment for filing. In any event, it cannot be said that the motion court was improvident in the exercise of its discretion (see Roussodimou v Zafiriadis, 238 AD2d 568 [1997]).
Under these circumstances, I concur with the determination of the motion court and I would affirm the order.
Pesos and Rios, JJ., concur; Golia, J.P, dissents in a separate memorandum.