■ SMITHTOWN GENERAL HOSPITAL et al., Appellants, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. [615 NYS2d 426] —In an action, *inter alia,* for payment of insurance claims, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated November 13, 1992, as denied certain interest and attorneys' fees.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The appellant Joseph Henig is the assignee of the 38 no-fault insurance claims against the defendant, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). At issue on appeal is the interest accrued and attorneys' fees due on 21 of these claims.

Pursuant to Insurance Law § 5106 (a) and 11 NYCRR 65.15 (h) (1), interest accrues on overdue no-fault insurance claims at a rate of 2% per month (see, *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451). A claim becomes "overdue" when it is not paid within 30 days of a proper demand being made therefor (see, Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g]). Here, none of the claims at issue was paid within 30 days of being presented to State Farm, although no plaintiff received an actual denial of any of the claims (see, 11 NYCRR 65.15 [d] [6]). Thus, all claims were overdue before paid by State Farm. Accordingly, the matter is remitted to the Supreme Court for calculation of the interest accrued on each claim for the period commencing 30 days after the claim was presented to State Farm until the date the claim was paid.

Concerning attorneys' fees, once a court action has been commenced, 11 NYCRR 65.17 (b) (6) (v) grants an attorneys' fee on no-fault insurance claims of 20% of the amount of first-party benefits awarded plus interest, with a ceiling of $850 per claim. Further, pursuant to 11 NYCRR 65.17 (b) (6) (iii), with certain exceptions not here applicable, there is a minimum fee of $60 on each such claim. Here, although the court awarded attorneys' fees, it failed to follow the formula provided under 11 NYCRR 65.17 (b) (6) (v), incorrectly interpreted the $850 ceiling to apply to the entire action, rather than to each claim, and failed to set a minimum fee of $60 per claim. Accordingly, upon remittitur, the Supreme Court is directed to calculate the attorneys' fee due in accordance with 11 NYCRR 65.17 (b) (6) (v), and (iii).

We have considered the parties' remaining arguments and find them to be without merit. Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.