■ HEMPSTEAD GENERAL HOSPITAL et al., Appellants, et al., Plaintiffs, v INSURANCE COMPANY OF NORTH AMERICA, Respondent. [617 NYS2d 478] —In an action, *inter alia,* for the payment of overdue no-fault insurance claims, the plaintiffs Hempstead General Hospital and Joseph Henig, P. C., appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated May 24, 1993, as awarded them interest from the date of the commencement of the action and attorney's fees pursuant to 11 NYCRR 65.15 (i).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

This appeal concerns the interest and attorney's fees due on certain overdue or unpaid no-fault insurance claims. Pursuant to Insurance Law § 5106 (a) and 11 NYCRR 65.15 (h) (1), interest accrues on overdue no-fault insurance claims at a rate of 2% per month *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451; *Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co.,* 207 AD2d 338). A claim is overdue when it is not paid within 30 days after a proper demand is made for its payment (Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g]).

Here, none of the claims were paid within 30 days after they were presented to the defendant, although they were never actually denied. Thus, all of the claims are overdue within the meaning of the Insurance Law. Accordingly, the matter is remitted to the Supreme Court for calculation of the interest due on each claim for the period commencing 30 days after the claim was presented to the defendant for payment until the date the claim was or is paid.

Once an action to recover no-fault insurance benefits has been commenced, 11 NYCRR 65.17 (b) (6) (v) grants attorney's fees of 20% of the amount of the first-party benefits awarded, plus interest, with a ceiling of $850 per claim *(see, Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co., supra; cf., Hempstead Gen. Hosp. v Allstate Ins. Co.,* 106 AD2d 429, *affd* 64 NY2d 958). 11 NYCRR 65.17 (b) (6) (v) applies here *(see,* 11 NYCRR 65.17 [b] [1] [iv]). Further, pursuant to 11 NYCRR 65.17 (b) (6) (iii), with certain exceptions not applicable to this case, there is a minimum fee of $60 per claim. Accordingly, upon remittitur, the Supreme Court is directed to calculate

the attorney's fees due in accordance with 11 NYCRR 65.17 (b) (6) (v) and (iii).

We have considered the parties' remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.