■ ST. CLARE'S HOSPITAL, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [628 NYS2d 128] —In an action, *inter alia,* pursuant to Insurance Law § 5106 by a hospital as the assignee of a patient to recover unpaid benefits due under the no-fault provision of the Insurance Law, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Brucia, J.), entered December 7, 1993, as failed to award it interest and attorneys' fees.

Ordered that the judgment is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

Pursuant to Insurance Law § 5106 (a) and 11 NYCRR 65.15 (h) (1), interest accrues on overdue no-fault insurance claims at a rate of 2% per month *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451). A claim becomes "overdue" when it is not paid within thirty days of a proper demand being made therefor *(see,* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g]). In addition, once a court action has been commenced, 11 NYCRR 65.17 (b) (6) (v) grants an attorney's fee on no-fault insurance claims of 20% of the amount of first-party benefits awarded plus interest with a ceiling of $850 per claim. Pursuant to 11 NYCRR 65.17 (b) (6) (iii), with certain exceptions not here applicable, there is a minimum attorney's fee of $60 on each such claim.

Here, the record shows that the defendant failed to pay the claim or to deny the claim within thirty days of its submission. Having found that the denial of the claim was improper, the Court was obligated by the statute to award the appropriate interest and attorney's fees *(see, Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co.,* 207 AD2d 338). Therefore, the matter is remitted to the Supreme Court for calculation of the

interest accrued on the claim as well as the attorney's fees due and for entry of an appropriate amended judgment accordingly.

The defendant's contention that the plaintiff's claim form (form NF-5) was deficient, raised for the first time on appeal, is not properly before us (see, St. Clare's Hosp. v Allcity Ins. Co., 201 AD2d 718). Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.