OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by vacating the award to plaintiff and remanding the matter to the court below for entry of judgment in accordance with the opinion herein, and, as so modified, affirmed with $10 costs to plaintiff.
In this action to recover no-fault first-party benefits, interest and counsel fees, the tender of payment by defendant, in an amount less than requested, was accepted by plaintiff after the *122 action was commenced. The tender included a payment of $49.02 for interest on the overdue claim. The sole issue presented for determination is whether plaintiff was entitled to counsel fees of 20% of the amount demanded or to a lesser amount.
In Massapequa Gen. Hosp. v State Farm Mut. Auto. Ins. Co. (NYLJ, Apr. 20, 1988, at 15, col 2 [App Term, 9th & 10th Jud Dists]) the court held that 11 NYCRR 65.15 applied to claims for fees where the underlying bill and/or interest had been paid prior to an arbitration or commencement of a lawsuit. Where the payment was made after commencement of the lawsuit, the court held that 11 NYCRR 65.16 (c) (8) applied. The cases of Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co. (207 AD2d 338) and Hempstead Gen. Hosp. v Insurance Co. of N. Am. (208 AD2d 501) do not apply. In the first place, 11 NYCRR 65.17 has no application to the facts at bar, since the entire section speaks of arbitration procedures and there was no arbitration herein. Secondly, the section cited requires an "award” by the court as a condition precedent to the application of the 20% counsel fees. In the case at bar, there was no such award, merely the acceptance of the tender of payment by defendant.
11 NYCRR 65.16 (c) (8) (ix), however, provides that in instances where the dispute was "resolved” after a "court action has been commenced, the claimant’s attorney shall be entitled to a fee which shall be computed in accordance with the limitations set forth in this paragraph.” In reading the language of paragraph (8) it would appear that this case would be called a Health Service Arbitration proceeding since the amount of the fee was in dispute prior to the action being commenced (see, 11 NYCRR 65.16 [c] [3] [ii]). Therefore, the fee would be "20 percent of the amount of first-party benefits plus interest thereon * * * subject to a maximum fee of $770.” (11 NYCRR 65.16 [c] [8] [iv].) While the clause just cited also refers to an award being made by the court, clause (ix) of 11 NYCRR 65.16 (c) (8) overrides that requirement by mandating that counsel fees be set in accordance with the provisions of that paragraph. In the case at bar, the amount of counsel fees to plaintiff would be based on 20% of the amount accepted by plaintiff — $1,978.89 plus whatever interest was not already paid.
Kassoff, P. J., Aronin and Chetta, JJ., concur.