OPINION OF THE COURT
Saralee Evans, J.
Plaintiff moves for summary judgment pursuant to CPLR *678 3212, and for an award of attorney’s fees. Defendant opposes the motion.
Plaintiff commenced this action to recover lost wages under the No-Fault Law after sustaining injuries in an automobile accident in June 1995. Defendant paid plaintiff’s lost wages claim through July 21, 1995, and stopped payment thereafter. Plaintiff claims he was unable to work until November 1, 1995.
The standards for summary judgment are well settled. The movant must tender evidence, by proof in admissible form, to establish the cause of action “sufficiently to warrant the court as a matter of law in directing judgment”. (CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980].)
The gravamen of plaintiff’s motion is that defendant violated Insurance Department regulations by discontinuing payment of his lost wages claim without any medical information which demonstrated that he was able to return to work. In support of his motion, plaintiff submits an affirmation from his treating osteopath, Dr. Kyriakides, who avers that he treated plaintiff for the period following the accident through October 31, 1995, and that plaintiff was disabled and unable to return to work for the entire period until November 1, 1995.
All that defendant offers here regarding plaintiffs medical condition are opinions of two doctors who examined plaintiff in November 1995, almost one month after he was able to resume working. Both doctors opine that plaintiff “is not disabled from working at his regular occupation.” (Exhibits C, D.) These opinions do not refute plaintiffs claim of disability for an earlier period; they merely state a conclusion with which plaintiff agrees. Consequently, these reports are insufficient to raise a triable issue of fact here.
In addition, the applicable insurance regulation, 11 NYCRR 65.15 (g) (2) (ii), provides that an insurer may discontinue payment of benefits “if the insurer has information which clearly demonstrates that the applicant is no longer disabled”. Defendant offers no evidence that it possessed information which “clearly demonstrated” a change in plaintiffs condition in July 1995, thereby permitting defendant to discontinue payments at that time. Defendant’s exhibit A, the denial of claim form sent to plaintiff, dated January 16, 1996, merely indicates that defendant discontinued benefits after reviewing his claim with a medical consultant. Defendant makes no claim that the medical consultant examined plaintiff, nor does it offer any evidence that “clearly demonstrates” a change in plaintiffs condition *679 warranting discontinuation of benefits. Moreover, the denial of claim form is uncertified, and the unnamed consultant’s opinion, as expressed on the form, constitutes hearsay and is thus not admissible.
Defendant also argues that summary judgment is unwarranted on the ground that the affirmation by plaintiff s treating physician fails to state the objective diagnostic testing he performed on plaintiff. The standard defendant seeks to impose applies to the “serious injury” threshold required in a negligence claim brought under the No-Fault Law, but is not applicable to a lost wages claim.
Consequently, plaintiff has met his burden of proof here. Defendant’s proffer fails to raise any material issue of fact which would preclude summary relief.
In addition, plaintiff argues that he is entitled to interest on his claim at a rate of 2% per month, and to an award of attorney’s fees. Plaintiffs contentions are correct. A claim is “overdue” if it has been improperly withheld. (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980].) The 2% per month rate of interest on overdue claims is specified in Insurance Law § 5106 and in the enabling regulations at 11 NYCRR 65.15 (h) (1). Thus, this rate is applicable to plaintiffs award here.
Plaintiff is likewise entitled to an award of legal fees. (Insurance Law § 5106; 11 NYCRR 65.15 [i] [1]; Kurcsics v Merchants Mut. Ins. Co., supra.) The fee award is calculated at 20% of the amount of the award to plaintiff, with a ceiling of $850. (Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co., 207 AD2d 338 [2d Dept 1994].) Twenty percent of the award here exceeds the ceiling amount. Consequently, plaintiffs legal fee award is limited to $850.
Accordingly, plaintiff’s motion for summary judgment is granted in its entirety. The Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $5,056.23, together with the statutory interest, from July 22, 1995, and an award of $850 in legal fees, upon submission of an appropriate bill of costs by plaintiff to the Clerk’s office.