OPINION OF THE COURT
Memorandum.
On the court’s own motion, the decision and order of this court entered December 8, 2004 in the above-entitled matter is recalled and vacated and the following decision and order is substituted therefor.
Order insofar as appealed from affirmed without costs.
In this action to recover first-party no-fault benefits for medical treatment provided its assignor, plaintiff established its prima facie case for summary judgment “by submitting evidentiary proof that the prescribed statutory billing forms had been . . . received, and that payment of the no-fault benefits was overdue” (Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742, 742-743 [2004]; see Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). Defendant’s opposition to the motion failed to rebut plaintiffs proof of an untimely claim denial, an event that precludes most defenses (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 201 [1997]). However, defendant was not precluded from asserting the defense that the collision was in furtherance of an insurance fraud scheme, despite the untimely denial of plaintiff’s claim (see Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751 [2002]). The affidavit submitted by defendant’s special investigator was sufficient to demonstrate that defendant’s denial was based upon a “founded belief that the alleged injuries] do[ ] not arise out of an insured incident” (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d at 199). Accordingly, since defendant demonstrated the existence of a triable issue of fact as to whether there was a lack of coverage (see id.; Zuckerman v City of New York, 49 NY2d 557 [1980]), plaintiffs motion for summary judgment was properly denied.
*75 We note that to the extent that defendant’s opposition to plaintiffs motion for summary judgment was based on the assignor’s failure to attend examinations under oath (EUOs), it is without merit. Plaintiff submitted its claim on April 3, 2002, two days prior to the effective date of Insurance Regulation 68 which for the first time provided in the mandatory personal injury protection endorsement that an eligible injured person shall submit to EUOs as may reasonably be required (11 NYCRR 65-1.1 [d]). Consequently, under the applicable prior regulations (11 NYCRR 65.12 [e]), defendant had no right to request an EUO (see Kings Med. Supply Inc. v GEICO Ins., 4 Misc 3d 138[A], 2004 NY Slip Op 50904[U] [App Term, 2d & 11th Jud Dists 2004]) and, thus, such request did not toll the 30-day period in which an insurer must act upon a claim or be precluded. Even if the claim had been submitted subsequent to the effective date of the new regulations, “Consistent with the Insurance Department’s interpretation of the new regulation, which is entitled to great deference . . . the insurer must include the revised prescribed endorsement with new or renewal policies issued on or after April 5, 2002, and the claim rules are to be governed by the policy endorsement in effect (see Circular Letter No. 9 [2002])” (S&M Supply v State Farm Mut. Auto. Ins. Co., 4 Misc 3d 130[A], 2004 NY Slip Op 50693[U], *2 [App Term, 9th & 10th Jud Dists 2004]). Thus, an insurer may not, in any event, invoke the new regulations as a basis to defend the claim upon an assignor’s failure to comply with its EUO requests where its opposition papers fail to prove that it had issued an endorsement, effective April 5, 2002, that contained the new regulation (see S&M Supply v Lancer Ins. Co., 4 Misc 3d 131 [A], 2004 NY Slip Op 50695[U] [App Term, 9th & 10th Jud Dists 2004]).
Patterson and Golia, JJ., concur; Aronin, J.E, taking no part.