OPINION OF THE COURT
Peter P. Sweeney, J.
*1080 The issue presented in this action to recover assigned first-party no-fault benefits is how attorney’s fees should be calculated in an action that involves multiple assignors and the submission of multiple bills on different dates.
Factual Background:
The trial of this action was scheduled to begin on April 26, 2006. At that time, the parties entered into a written stipulation settling all aspects of the action except for the issue of attorney’s fees. Pursuant to the stipulation, defendant agreed to pay a specified portion of each of the 21 bills that were in dispute. The bills were submitted on behalf of three assignors and each bill was submitted on a different date.
Plaintiff maintains that, for each bill, he is entitled to an attorney’s fee in the amount of $60 or 20% of the amount of the bill, plus interest thereon, subject to a maximum of $850, whichever amount is greater. Defendant maintains that, for each assignor, plaintiff is entitled to an attorney’s fee in the amount of $60 or 20% of the aggregate amount of all the bills that were submitted on behalf of that assignor, plus interest thereon, subject to a maximum of $850.
For the following reasons, the court agrees with defendant.
Discussion:
The no-fault regulation that governs awards of attorney’s fees is 11 NYCRR 65-4.6. 11 NYCRR 65-4.6 (c) provides that “[ejxcept as provided in subdivisions (a) and (b) of this section,[1] the minimum attorney’s fee payable pursuant to this Subpart shall be $60.” 11 NYCRR 65-4.6 (e) provides, in pertinent part, that
“[f]or all other disputes subject to arbitration, subject to the provisions of subdivisions (a) and (c) of this section, the attorney’s fee shall be limited as follows: 20 percent of the amount of first-party benefits, plus interest thereon, awarded by the arbitrator or court, subject to a maximum fee of $850. . . .”
On October 8, 2003, the New York State Insurance Department issued an opinion letter interpreting 11 NYCRR 65-4.6 (c) and (e) (Ops Gen Counsel NY Ins Dept No. 03-10-04 [2003]). The precise question addressed by the New York State Insurance Department in the opinion letter was:
*1081 “When an assignee No-Fault provider submits bills for health services rendered to an eligible injured person to that person’s insurer, and such bills are either denied or partially paid and the provider thereafter initiates a court action to contest the denials of the multiple bills which results in a payment award to the provider, is the provider entitled to a minimum attorney’s fee of $60 for each denied bill now required to be paid, or is the proper amount of attorney’s fees based upon the aggregate sum of all bills awarded reimbursement by the Court in the single action that was commenced?” (Emphasis added.)
The New York State Insurance Department answered the question as follows:
“The minimum amount of attorney’s fees awarded to an assignee health provider who has prevailed in a court action brought against a No-Fault insurer is based upon the aggregate amount of payment required to be reimbursed based upon the amount awarded for each bill which had been submitted and denied. The minimum attorney fee amount of $60 is not due and owing for each bill submitted as part of the total amount of the disputed claim sought in the court action.” (Emphasis added.)
The Department of Insurance concluded that court-initiated actions to resolve payment disputes come within the purview of 11 NYCRR 65-4.6 (e) since such disputes are “subject to arbitration” in that the provider had the option to seek a resolution of the dispute by submitting it for no-fault arbitration in the first instance. It went on to reason:
“Section 65-4.6(e) makes it clear that the amount of attorney’s fees awarded will be based upon 20% of the total amount of first party benefits awarded. That total amount is derived from the total amount of individual bills disputed in either a court action or arbitration, regardless of whether one bill or multiple bills are presented as part of a total claim for benefits, based upon the health services rendered by a provider to the same eligible insured.” (Emphasis added.)
Pursuant to section 65-4.6 (e), the total amount due the attorney will be derived by calculating 20% of the total claim *1082 which is resolved in favor of the applicant, which amount is totaled from the total amount of disputed bills which are submitted on behalf of the applicant. This total amount is subject to a cap of $850. Where 20% of the total claim awarded results in an amount less than $60, the attorney is entitled to the minimum $60 fee pursuant to section 65-4.6 (c). Since the 20% calculation is based upon benefits awarded from the total number of disputed bills in a court action commenced, an attorney would not be entitled to a $60 fee for each disputed bill which is resolved in favor of the applicant.
It is well settled that an administrative agency’s construction and interpretation of its own regulations is entitled to the greatest weight (Matter of Herzog v Joy, 74 AD2d 372, 375 [1st Dept 1980], affd 53 NY2d 821 [1981]; Matter of Tommy & Tina, Inc. v Department of Consumer Affairs of City of N.Y., 95 AD2d 724, 724 [1983], affd 62 NY2d 671 [1984]). If an administrative agency’s interpretation of one of its own regulations is neither irrational nor unreasonable nor counter to the clear wording of a statutory provision, it should be upheld (Matter of John Paterno, Inc. v Curiale, 88 NY2d 328, 333 [1996]; Matter of New York Pub. Interest Research Group v New York State Dept. of Ins., 66 NY2d 444, 448 [1985]; see also, Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins. of State of N.Y., 72 NY2d 753, 761-762 [1988]).
11 NYCRR 65-4.6 was promulgated by the Department of Insurance, the administrative agency empowered to implement and interpret the No-Fault Law (see Ostrer v Schenck, 41 NY2d 782 [1977]; Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 863 [2003]; Breen v Cunard Lines S. S. Co., 33 NY2d 508, 511 [1974]; Insurance Law § 301). In the court’s view, its interpretation of 11 NYCRR 65-4.6 was neither irrational, unreasonable nor counter to any statutory provision.[2] Plaintiff’s suggestion that opinion letters issued by administrative agencies carry little weight is without merit (see, e.g. Matter of New York State Assn. of Life Underwriters v New York State Banking Dept., 190 AD2d 338, 342-343 [3d Dept 1993], affd 83 NY2d 353 [1994] [holding that deference *1083 had to be given to an opinion letter issued by the New York State Banking Department which interpreted Banking Law § 96 unless the interpretation was irrational or unreasonable]; see also Ocean Diagnostic Imaging P.C. v State Farm Mut. Auto. Ins. Co., 9 Misc 3d 73, 75 [App Term, 2d & 11th Jud Dists 2005]; S & M Supply v State Farm Mut. Auto. Ins. Co., 4 Misc 3d 130[A], 2004 NY Slip Op 50693[U] [App Term, 9th & 10th Jud Dists 2004]; Bronx Med. Servs., P.C. v Lumbermans Mut. Cas. Co., 2003 NY Slip Op 51022[U] [App Term, 1st Dept 2003]).[3]
Plaintiff’s contention that the holdings in Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co. (207 AD2d 338, 339 [2d Dept 1994]) and Hempstead Gen. Hosp. v Insurance Co. of N. Am. (208 AD2d 501, 501-502 [2d Dept 1994]) are dispositive of the issues before the court is also without merit. At issue in Smithtown Gen. Hosp. and Hempstead Gen. Hosp. was the interplay between 11 NYCRR former 65.17 (b) (6) (iii) and 11 NYCRR former 65.17 (b) (6) (v), the predecessor no-fault regulations to 11 NYCRR 65-4.6 (c) and (e). 11 NYCRR 65.17 (b) (6) (iii) provided: “Except as provided in subparagraphs (i) and (ii) of this paragraph, the minimum attorney’s fee payable pursuant to this section shall be $60.” 11 NYCRR 65.17 (b) (6) (v) provided, in pertinent part, as follows: “For all other disputes subject to AAA and IDA arbitrations, subject to the provisions of subparagraphs (i) and (iii) of this paragraph, the attorney’s fee shall be limited as follows: 20 percent of the amount of first-party benefits, plus interest thereon, awarded by the arbitrator or court, subject to a maximum fee of $850.”
In both Smithtown Gen. Hosp.[4] and Hempstead Gen. *1084 Hosp.[5] the Court interpreted 11 NYCRR 65.17 (b) (6) (iii) and (v) as requiring awards of attorney’s fees to be calculated on a “per claim” basis. Plaintiff contends that since the language of 11 NYCRR 65.17 (b) (6) (iii) and (v) is virtually identical to the language of 11 NYCRR 65-4.6 (c) and (e), the holdings in Smith-town Gen. Hosp. and Hempstead Gen. Hosp. are controlling. The court disagrees. The holdings in Smithtown Gen. Hosp. and Hempstead Gen. Hosp. have little bearing on the precise issue presented here, whether the court should defer to the Department of Insurance’s interpretation of 11 NYCRR 65-4.6. This issue was not before the Court in either Smithtown Gen. Hosp. or Hempstead Gen. Hosp. Indeed, at the time those cases were decided, the Department of Insurance had yet to interpret 11 NYCRR 65-4.6 or the predecessor regulations governing attorney’s fee awards.
Further, defendant correctly points out that the holding in Smithtown Gen. Hosp. is not at all inconsistent with the Department of Insurance’s interpretation of 11 NYCRR 65-4.6. While the Court in Smithtown Gen. Hosp. held that attorney’s fees should be calculated on a “per claim” basis, the complaint[6] filed in Smithtown reflects that each of the 21 claims at issue in the action was submitted on behalf of a different assignor. The holding is therefore perfectly consistent with the Department of Insurance’s view, as stated in the opinion letter, that attorney’s fee awards should be based on “the total amount of individual bills disputed in either a court action or arbitration, regardless of whether one bill or multiple bills are presented as part of a *1085 total claim for benefits, based upon the health services rendered by a provider to the same eligible insured” (Ops Gen Counsel NY Ins Dept No. 03-10-08 [emphasis added]).[7]
For all of the above reasons, the court adopts the Department of Insurance’s interpretation of 11 NYCRR 65-4.6 and holds that for each assignor in the action, plaintiff is entitled to an attorney’s fee in the amount of $60 or 20% of the total amount of the first-party benefits awarded for services provided to that assignor, plus interest thereon, whichever amount is greater, subject to a maximum of $850.
Accordingly, it is hereby ordered that judgment be entered in plaintiffs favor in accordance with the stipulation of settlement together with interest and attorney’s fees, as provided for under the No-Fault Law and the regulations promulgated thereunder, as well as costs and disbursements.

. Neither of these subdivisions apply in this case.

. The only statutory provision dealing with attorney’s fees under the No-Fault Law is Insurance Law § 5106 (a), which, in pertinent part, provides that “[i]f a valid claim [for first-party benefits] or portion was overdue, the claimant shall also be entitled to recover his attorney’s reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations.”

. In Ocean Diagnostic Imaging EC., S & M Supply and Bronx Med. Servs., EC., the various Appellate Terms held that the Department of Insurance’s interpretation of a regulation as articulated in an advisory “Circular Letter” is entitled to great deference. The court sees no reason why the Department of Insurance’s interpretation of a regulation as articulated in an opinion letter should be treated differently.

. In Smithtown, the Court stated:
“Concerning attorneys’ fees, once a court action has been commenced, 11 NYCRR 65.17 (b) (6) (v) grants an attorneys’ fee on no-fault insurance claims of 20% of the amount of first-party benefits awarded plus interest, with a ceiling of $850 per claim. Further, pursuant to 11 NYCRR 65.17 (b) (6) (iii), with certain exceptions not here applicable, there is a minimum fee of $60 on each such claim. Here, although the court awarded attorneys’ *1084 fees, it failed to follow the formula provided under 11 NYCRR 65.17 (b) (6) (v), incorrectly interpreted the $850 ceiling to apply to the entire action, rather than to each claim, and failed to set a minimum fee of $60 per claim. Accordingly, upon remittitur, the Supreme Court is directed to calculate the attorneys’ fee due in accordance with 11 NYCRR 65.17 (b) (6) (v), and (iii)” (207 AD2d at 339 [emphasis added]).

. In Hempstead General Hosp., the Court stated:
“Once an action to recover no-fault insurance benefits has been commenced, 11 NYCRR 65.17 (b) (6) (v) grants attorney’s fees of 20% of the amount of the first-party benefits awarded, plus interest, with a ceiling of $850 per claim. . . . Further, pursuant to 11 NYCRR 65.17 (b) (6) (iii), with certain exceptions not applicable to this case, there is a minimum fee of $60 per claim. Accordingly, upon remittitur, the Supreme Court is directed to calculate the attorney’s fees due in accordance with 11 NYCRR 65.17 (b) (6) (v) and (iii)” (208 AD2d at 501 [emphasis added]).

. Defendant provided the court with a copy of the complaint in support of its position.

. Whether the holding in Hempstead Gen. Hosp. conflicts with the Department of Insurance’s interpretation of 11 NYCRR 65-4.6 remains unclear.