OPINION OF THE COURT
Diane A. Lebedeff, J.
Two motions bring up for review the treatment of attorney’s fee awards in court cases seeking payment of no-fault economic loss benefits. Treated together for the purposes of motion disposition, these cases form the basis for an inquiry into the recently disputed question of the proper formula to use for computation of a no-fault attorney’s fee award to a prevailing plaintiff’s counsel in routine no-fault litigation, as well as an exploration of the situations in which a plaintiff is not entitled to an attorney’s fee award.
The General Attorney’s Fee Rule for a Prevailing No-Fault Plaintiff
It is well established that a prevailing no-fault claimant may claim an award of attorney’s fees (Insurance Law § 5106 [a] [such attorney’s fees are “subject to limitations promulgated by the superintendent (of the NY State Department of Insurance)]”). A number of formulas for such fees may be found in the “thicket” of no-fault Insurance Department regulations (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 280 [1997], rearg denied 90 NY2d 937 [1997]).[1]
There is, however, only a single provision governing an attorney’s fee award in routine court litigation for a no-fault *578 unpaid economic loss claim, which is that such an “attorney’s fee shall be ... 20 percent of the amount of first-party benefits, plus interest thereon, awarded by the . . . court, subject to a maximum fee of $850” and a “minimum attorney’s fee . . . [of] $60” (11 NYCRR 65-4.6 [e], [c]). Long established appellate authority holds that such fees were to be calculated “per claim,” which means for each separate claim form submitted to an insurer (Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co., 207 AD2d 338, 339 [2d Dept 1994] [trial court “failed to follow the formula” of the regulations and “incorrectly interpreted the $850 ceiling to apply to the entire action, rather than to each claim, and failed to set a minimum fee of $60 per claim”]). This “per claim” calculation was accepted as the proper approach prior to and subsequent to that Second Department decision (see Hempstead Gen. Hosp. v Allstate Ins. Co., 120 Misc 2d 303, 311 [Sup Ct, Nassau County 1983], revd on other grounds 106 AD2d 429 [2d Dept 1984], affd 64 NY2d 958 [1985]; Hempstead Gen. Hosp. v Insurance Co. of N. Am., 208 AD2d 501, 501 [2d Dept 1994] [“per claim”]; St. Clare’s Hosp. v Allstate Ins. Co., 215 AD2d 641, 641 [2d Dept 1995] [fees to be fixed “per claim” and minimum applied to “each such claim”]).[2]
This conclusion has seemingly been drawn into question by an opinion letter issued by the Office of the General Counsel of the Insurance Department on October 8, 2003. Entitled “No-Fault Attorney Fees for Multiple Provider Bills,” it opines that— specifically in relation to court actions — “the amount of attorney’s fees awarded will be based upon 20% of the total amount of first party benefits awarded” and that “the 20% calculation is based upon benefits awarded from the total number of disputed bills in a court action” (text appears at <http://www.ins.state.ny.us/ogco2003/rg031004.htm> [accessed Feb. 23, 2007]), which would potentially lower legal fees awards by applying the dollar cap to all combined claims, instead of *579 treating claims separately. The opinion letter represents that its conclusion springs from a plain reading of the regulations and it contains no legal rationale, points to no change in governing case law, and does not rest upon a contemporaneous amendment of the regulatory language.
Three courts recently addressed this 2003 no-fault attorney’s fee opinion letter. In AM. Med. Servs. P.C. v New York Cent. Mut. Fire Ins. Co. (NYLJ, July 24, 2006, at 25, col 1 [Civ Ct, Queens County 2006, Raffaele, J.]), the court declined to follow the opinion letter and calculated attorney’s fees based upon each claim form, noting that the “total award” basis “flies in the face of existing decisional precedent,” “gives the defendant insurers a windfall by limiting their exposure for litigation fees,” “provides carriers with a disincentive to settlement, and encourages . . . no-fault litigation.” In Alpha Chiropractic P.C. v State Farm Mut. Auto Ins. (14 Misc 3d 673 [Civ Ct, Queens County 2006, Siegal, J.]), the court found the opinion letter unpersuasive, for similar reasons. In Marigliano v New York Cent. Mut. Fire Ins. Co. (13 Misc 3d 1079 [Civ Ct, Richmond County 2006, Sweeney, J.]), the court deferred to the opinion letter on the basis of limited arguments.
This court finds the attorney’s fee opinion letter does not merit departure from settled law for three interrelated reasons. First, it must be recognized that this document is not a regulation adopted in conformity with the State Administrative Procedure Act (State Administrative Procedure Act § 101 et seq.), and facially falls in the class of exempt “interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory” (State Administrative Procedure Act § 102 [2] [b] [iv]). Courts often find such opinion letters merit no weight (see State Farm Mut. Auto. Ins. Co. v Mallela, 175 F Supp 2d 401, 418 n 12 [ED NY 2001, Sifton, J.] [declining to follow a Department of Insurance opinion letter and noting that another opinion letter “relied upon by plaintiff, was authored at the instance of lead counsel for the insurers in . . . (a) matter pending in state court, who provided the Department with a five-page exposition of the issues presented”]).
Second, Insurance Department opinion letters which endorse a litigation or arbitration result contrary to existing judicial dictates specifically find little judicial favor. Such dismissive treatment was given to a 2000 Insurance Department opinion letter entitled “No-Fault Burden of Proof,” which was generally *580 recognized to be an administrative attempt to avoid the Court of Appeals preclusion rule announced in Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co. (supra) by requiring a no-fault claimant to prove medical necessity even if the issue were not preserved by a timely denial. That 2000 opinion letter was given so little regard that its rejection was not even discussed in Matter of Pradip Das/N.Y. Med. Rehab v Allstate Ins. Co. (297 AD2d 321 [2d Dept 2002]), although extensively argued therein, which was described at length in Matter of Park Radiology v Allstate Ins. Co. (2 Misc 3d 621 [Civ Ct, Richmond County 2003]) and Preferred Med. Imaging, P.C. v Liberty Mut. Fire Ins. Co. (11 Misc 3d 1059[A], 2006 NY Slip Op 50278[J] [Suffolk Dist Ct 2006]).
Third and most compelling, absent any change in statutory law or regulations, common-law precedent principles require all lower trial courts view as binding applicable Appellate Division decisions, unless and until there is any conflicting authority (People v Towndrow, 187 AD2d 194, 195 [4th Dept 1993], lv dismissed 81 NY2d 1021 [1993] [“It should hardly need to be stated that trial courts are bound to follow the holdings of the Appellate Division”]; Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [2d Dept 1984, Titone, J.] [“doctrine of stare decisis requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or this (department) pronounces a contrary rule” which doctrine is “necessary to maintain uniformity and consistency”]). Given stare decisis precepts, this court is not free to depart from settled legal precedent and is barred from according any weight or consequence to the subject opinion letter.
Based on the foregoing, the court determines that the prevailing no-fault claimant’s attorney’s fees herein are to be calculated on a per claim basis under settled principles of law. Accordingly, the court rejects the contrary argument raised in A.M. Med. Servs., P.C. v Allstate Ins. Co. and, because there is no objection to the plaintiffs mathematical calculation, awards legal fees in the amount requested by the successful plaintiff for the two claim forms at issue.
Exceptions to the General Rule for No-Fault Plaintiffs Attorney’s Fee
There are also situations in which a no-fault plaintiff is not entitled to an attorney’s fee under the regulations, directly or *581 by construction. No legal fee is available, of course, in cases in which a plaintiff has no valid claim at the outset of the action (11 NYCRR 65-4.6 [a] [“If ... a court action was commenced by an attorney on behalf of an applicant and the claim or portion thereof was not denied or overdue at the time . . . the action was commenced, no attorney’s fees shall be granted”]). And, in certain defined situations, litigation concerning a no-fault fee schedule dispute might not support an attorney’s fee (11 NYCRR 65-4.6 [i] [“if the charges by a health care provider . . . exceed the limitations contained in the (fee) schedules established pursuant to section 5108 of the Insurance Law, no attorney’s fee shall be payable” unless the litigation “involve (s) interpretation of such schedules or inadvertent miscalculation or error”]).
However, the regulations facially do not address the situation where a plaintiff had a valid claim for unpaid no-fault benefits at the commencement of the litigation but, for reasons independent of the litigation, has no proper claim for no-fault damages at its conclusion. In Valley Stream Med. & Rehab, RC. v Liberty Mut. Ins. Co., one of the two cases at bar, after service of the summons and complaint, the plaintiff itself subsequently pursued and secured a settlement in arbitration for the same claim through different counsel. Given these facts, plaintiff is unable to demonstrate that even some small part of the original claim remained unpaid (compare Dondysh v Lumbermans Mut. Ins. Co., 168 Misc 2d 121 [App Term, 2d Dept 1996] [some interest remained unpaid]). In short, there is no outstanding obligation on the part of the insurer shown.
As to the regulation, it bases a claimant’s attorney’s fee calculation upon consideration of “the amount of first-party benefits, plus interest thereon, awarded by the . . . court” (11 NYCRR 65-4.6 [e]), and the regulation is interpreted literally (Hempstead General Hosp. v Allstate Ins. Co., supra, 106 AD2d at 431 [modification of judgment because the “ ‘fee upon a fee’ awarded to plaintiff... is not authorized by the regulations”]). Here, given that neither benefits nor interest are due to plaintiff, there is no dollar figure to which the percentage calculation, the dollar maximum, or the dollar minimum attaches and there is no basis upon which legal fees may be awarded.
Accordingly, the court denies the application for legal fees in Valley Stream Med. & Rehab, P.C. v Liberty Mut. Ins. *582 Co. The court does not address whether the client has any obligation to pay an attorney’s fee to its attorney of record, given that such an issue is outside the scope of the instant papers.

. Internet links to the text of the current regulations, the superseded older regulations effective through April 5, 2002, the no-fault statute, various no-fault fee schedules, and Insurance Department circular letters and opinion letters may be found at <http://www.ins.state.ny.us/r68_link.htm> (accessed Feb. 23, 2007).
*578 The current regulations’ provisions applicable to attorney’s fee awards in court proceedings appear within 11 NYCRR 65-4.6, to be distinguished from numerous other rules applicable in other situations, such as in claims processing and late payment of arbitration awards (11 NYCRR 65-3.10), lien and offset situations (11 NYCRR 65-3.19) and proceedings before a master arbitrator (11 NYCRR 65-4.10 Q]).

. Although the applicable language of the mathematical formula remained unchanged over time, amendments did increase the dollar amount of the maximum figures and changed the context in which the formula appeared. The older regulation is quoted in full in Hempstead General Hosp. v Allstate Ins. Co. (supra, 106 AD2d at 429-430).