OPINION OF THE COURT
Howard S. Miller, J.
*481 By order to show cause dated December 15, 2006, defendant moves for an order “rectifying plaintiffs proposed judgment.” That proposed judgment was filed pursuant to this court’s order of September 29, 2006. The order dealt ambiguously with the issue of attorneys’ fees under the no-fault regulations, which are ambiguous themselves, in a case where multiple claims are litigated in the same action. The parties have been unable to agree on the resolution of that ambiguity, and now ask the court to resolve it.
Plaintiff in this action is a provider of medical services, and it received assignments from Eddie Medina of several claims for different services provided to Mr. Medina on different dates, all arising out of one automobile accident. Defendant insurer provided no-fault coverage to Eddie Medina for that accident.
Plaintiff submitted separate claims for each service. This court has already ruled that defendant must pay those claims, and it appears that defendant has done so. The court went on to direct that attorneys’ fees were awarded in the amount of 20% of each claim and that “[attorney’s fees are not to exceed $850.” Plaintiff maintains that the $850 limitation applies to each cause of action, and it seeks to enter judgment accordingly for an amount well in excess of $850. Defendant resists that entry of judgment on the grounds that the $850 limitation applies to the action as a whole, and thus plaintiff may not enter judgment because defendant has already made payment based on an award of attorneys’ fees limited to one award of $850.
The dispute revolves around the interpretation of 11 NYCRR 65-4.6 (e), which provides, in relevant part as follows: “(e) For all other disputes subject to arbitration, . . . the attorney’s fees shall be limited as follows: 20 percent of the amount of first-party benefits, plus interest thereon, awarded by the arbitrator or court, subject to a maximum fee of $850.”
Plaintiff relies on a decision of the Appellate Division, Second Department,[1] which interpreted a predecessor regulation, 11 NYCRR 65.17 (b) (6) (v),[2] to hold that the $850 limita *482 tion applies per claim. Defendant relies on a more recent decision of the Civil Court, Richmond County,[3] which distinguished Smithtown Gen. Hosp. on the grounds that it involved several different assignors, and that the Insurance Department has promulgated an opinion letter in which it opines that the $850 limitation applies per assignor. Because the instant dispute involves only one assignor, defendant argues that this court should give deference to the Insurance Department’s opinion letter and should follow Marigliano, not Smithtown Gen. Hosp.
While the court would agree that it ought to give some deference to the opinion of the Insurance Department in interpreting its own regulations, the court is not obliged to follow that opinion if there are good reasons not to do so. The court is obliged to follow the opinion of the governing Appellate Division until such time as it overrules its own precedent, particularly when there appears to be no good reason to overrule that precedent.
The court is concerned that the Insurance Department may have given inadequate consideration to the practical consequences on the court system if its opinion letter were to be followed by the courts. If attorney’s fees are limited to $850 per assignor in each action, then there is an incentive for medical suppliers holding multiple claims from the same assignor to file those claims as separate actions so that they can recover $850 in attorney’s fees in each action. Such a multiplicity of actions runs contrary to the principle of judicial economy, and would produce a lot of unnecessary paper and fees.
The insurance regulations provide for a limit of $850 per dispute. As far as this court is concerned, a “dispute” arises each time a claim is denied by an insurer. A medical provider ought not to be penalized for promoting judicial economy by consolidating a number of “disputes” (i.e., causes of action) into one civil action. If the Insurance Department really means for its regulations to be interpreted to apply per assignor or per action, it ought to say so clearly in the regulations after a proper rule-making process, not by opinion letter.
In the meantime, the court follows the rule in Smithtown Gen. Hosp. (supra) and modifies its prior order to the extent of *483 clarifying that the $850 limitation on attorney’s fees applies to each cause of action. Defendant’s motion to the contrary is denied. Insofar as that motion pertains to other issues, the court finds them to be de minimis. Plaintiff may enter judgment accordingly for any amounts that remain unpaid. All stays in the order to show cause are vacated.

. Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co., 207 AD2d 338 (2d Dept 1994).

. The predecessor section did not differ in any material way from the current regulation. It provided, in pertinent part, as follows: “For all other disputes subject to AAA and IDA arbitrations, . . . the attorney’s fee shall be *482 limited as follows: 20 percent of the amount of first-party benefits, plus interest thereon, awarded by the arbitrator or court, subject to a maximum fee of $850” (11 NYCRR 65.17 [b] [6] [v]).

. Marigliano v New York Cent. Mut. Fire Ins. Co., 13 Misc 3d 1079 (2006).