■ LMK Psychological Services, P.C., et al., Respondents, v State Farm Mutual Automobile Insurance Company, Appellant. [849 NYS2d 310]—

Mugglin, J. Appeals (1) from three orders of the Supreme Court (Pulver, Jr., J.), entered January 12, 2007, January 26, 2007 and April 16, 2007 in Greene County, which, among other things, granted plaintiffs' cross motion for summary judgment on certain causes of action, and (2) from the judgment entered thereon.

Plaintiffs, two psychological services providers, sued defendant to recover on no-fault claims assigned to them by individuals insured by defendant who had been injured in automobile accidents. At issue on this appeal is the grant of summary judgment to plaintiffs on certain causes of action, the computation of interest thereon and the award of counsel fees. With respect to the first issue, defendant argued that plaintiffs failed to establish standing to commence the action by reason of their failure to submit documentation establishing the assignment of the claims to them. Defendant's counsel has advised that, in light of the Court of Appeals decision in *Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.* (9 NY3d 312 [2007]), this issue has been withdrawn.

Turning to the remaining arguments, we first reject defendant's contention that Supreme Court improperly awarded interest to plaintiffs by not tolling the interest for the period between 30 days after plaintiffs received the claim denial until plaintiffs commenced this action. Since defendant failed to raise this challenge to the proposed judgment before Supreme Court, the issue is unpreserved for our review (*see Ferran v Dwyer*, 252 AD2d 758, 759 [1998]; *Hopper v Lockey*, 241 AD2d 892, 893-894 [1997]). In any event, the argument is meritless. Interest on untimely paid no-fault claims is calculated at the rate of 2% per month, compounded, commencing 30 days after proper presentment of the claim (*see* 11 NYCRR former 65.15 [h] [1]; *Hempstead Gen. Hosp. v Insurance Co. of N. Am.*, 208 AD2d 501, 501 [1994]; *Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co.*, 207 AD2d 338, 339 [1994]). Interest will be stayed only in those circumstances where a claimant has failed to submit the claim to

arbitration or to commence an action within 30 days after receipt of the *timely* denial of the claim and does not, thereafter, begin to accrue until action is taken (*see East Acupuncture, P.C. v Allstate Ins. Co.*, 15 Misc 3d 104, 106 [2007]). Here, defendant did not issue a proper and timely denial to plaintiffs' no-fault claims and, thus, defendant is not entitled to the benefit of the tolling provision. This interpretation of the regulatory scheme promotes the prompt resolution and compensation of claims and prohibits any reward to a "dilatory insurance company" (*Elmont Open MRI & Diagnostic Radiology, P.C. v Country-Wide Ins. Co.*, 15 Misc 3d 552, 558 [2007]). Thus, to avoid penalizing injured parties and to encourage the prompt resolution of claims, insurance companies are not entitled to a tolling of the accumulation of interest where they have failed to pay or properly deny a claim within the required time limits (*see Cardinell v Allstate Ins. Co.*, 302 AD2d 772, 774 [2003]).

Finally, Supreme Court did not err in awarding counsel fees on a per claim basis rather than a per assignor basis. When forced to commence an action to compel the payment of a proper no-fault claim, a claimant is entitled to recover counsel fees in the sum of 20% of the amount of first-party benefits, plus interest, subject to a maximum fee of $850 (*see* Insurance Law § 5106 [a]; 11 NYCRR former 65.17 [b] [6] [v]; 65.18 [f] [5]). Notably, the Superintendent of Insurance issued an opinion letter on October 8, 2003 that counsel fees are calculated on a per assignor basis (*see* Ops Gen Counsel NY Ins Dept No. 03-10-04 [Oct. 2003]; *Marigliano v New York Cent. Mut. Fire Ins. Co.*, 13 Misc 3d 1079 [2006]). We conclude that such opinion letter is not an appropriate interpretation of the statute. Although we ordinarily give deference to the agency's interpretation of its own regulations, such deference need not be accorded where, as here, the interpretation conflicts with the explicit language of the controlling statute (*see Marigliano v New York Cent. Mut. Fire Ins. Co.*, 15 Misc 3d 766, 774 [2007]; *Alpha Chiropractic P.C. v State Farm Mut. Auto. Ins. Co.*, 14 Misc 3d 673, 678 [2006]).

The Superintendent's interpretation undermines the goal of the no-fault law to fully compensate a claimant for economic loss resulting from the wrongful denial of a claim and wastes judicial assets by encouraging the commencement of multiple actions in order to recover the maximum available counsel fees (*see Midwood Total Rehab. Med., P.C. v State Farm Mut. Auto. Ins. Co.*, 16 Misc 3d 480, 482 [2007]). Moreover, in spite of the Superintendent's opinion letter, the well-settled case law is that the statute requires payment of counsel fees on a per claim basis (*see Marigliano v New York Cent. Mut. Fire Ins. Co.*, 15

Misc 3d at 772; *Valley Stream Med. & Rehab, P.C. v Liberty Mut. Ins. Co.*, 15 Misc 3d 576 [2007]; *Alpha Chiropractic P.C. v State Farm Mut. Auto. Ins. Co.*, 14 Misc 3d at 673; *Willis Acupuncture, P.C. v Government Empls. Ins. Co.*, 6 Misc 3d 1002[A], 2004 NY Slip Op 51702[U] [2004]).

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.