*33 OPINION OF THE COURT
Memorandum.
Order reversed without costs and defendant’s motion to amend the judgment denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff was awarded partial summary judgment in the sum of $5,855.82. A judgment was subsequently entered in the principal sum of $5,855.82. Defendant moved, inter alia, to amend the judgment by reducing the amount of attorney’s fees awarded to plaintiff, claiming that plaintiffs recovery of attorney’s fees was limited to 20% of the total amount of first-party no-fault benefits awarded for services provided to the assignor, subject to the statutory maximum of $850 in attorney’s fees for the entire action, regardless of the number of claims in dispute. The court below granted defendant’s motion, relying upon an opinion letter issued by the New York State Department of Insurance on October 8, 2003, which stated that attorney’s fees are to be calculated based upon the aggregate amount of payment resolved in favor of an applicant for benefits in a single action (see Ops Gen Counsel NY Ins Dept No. 03-10-04 [Oct. 2003]), and directed the clerk to enter judgment with a maximum of $850 in attorney’s fees. This instant appeal by plaintiff ensued.
In an action to recover first-party no-fault benefits, if a valid claim or portion thereof is overdue, reasonable attorney’s fees may be recovered “for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent [of insurance]” (Insurance Law § 5106 [a]). Insurance Department Regulations (11 NYCRR) § 65-4.6 (e) provides that attorney’s fees are limited to “20 percent of the amount of first-party benefits, plus interest thereon, awarded by the . . . court, subject to a maximum fee of $850.” In Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co. (207 AD2d 338, 339 [1994]), the Appellate Division, Second Department, interpreted Insurance Department Regulations (11 NYCRR) § 65.17 (b) (6) (v), the attorney’s fees provision which was the predecessor of Insurance Department Regulations (11 NYCRR) § 65-4.6 (e), as requiring that the $850 limitation be applied to each claim rather than to the entire action.
Subsequent to entry of the order appealed from, the Appellate Division, Third Department, in LMK Psychological Servs., P.C. v *34 State Farm Mut. Auto. Ins. Co. (46 AD3d 1290 [2007]), held that counsel fees should be awarded on a “per claim” basis rather than a “per action” basis. In reaching this conclusion, the court noted that the October 8, 2003 opinion letter, which stated that counsel fees should be calculated on a “per action” basis, should not be accorded deference since it was not an appropriate interpretation of the rules regarding attorney’s fees and, in fact, conflicted with the language of the controlling statute. The court further stated that said interpretation “undermines the goal of the no-fault law to fully compensate a claimant for economic loss resulting from the wrongful denial of a claim and wastes judicial assets by encouraging the commencement of multiple actions in order to recover the maximum available counsel fees” (id. at 1292 [citation omitted]).
As this court is bound by principles of stare decisis to follow precedents set by the Appellate Division of another department until the Court of Appeals or the Appellate Division, Second Department, pronounces a contrary rule (see Mountain View Coach Lines v Storms, 102 AD2d 663 [1984]), the decision of the Appellate Division, Third Department, is controlling on this issue. We note that the Appellate Division, Second Department, in Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co. (207 AD2d 338 [1994], supra), in interpreting the predecessor attorney’s fees provision, held that the amount of attorney’s fees should be determined in a similar manner. Therefore, based on the foregoing analysis, attorney’s fees are to be calculated on a “per claim” basis. Accordingly, the order of the court below is reversed and defendant’s motion to revise the amount of attorney’s fees on the judgment is denied.
Golia, J.E (concurring in the result only, in the following memorandum). I am constrained to agree with the ultimate decision reached by the majority. I wish to note, however, that I do not agree with certain propositions of law set forth in cases cited therein which are inconsistent with my expressed position and generally contrary to my views.
Fesce and Rios, JJ., concur; Golia, J.E, concurs in a separate memorandum.