Matter of Lam Quan MD, P.C. v LM Gen. Ins. Co. (2025 NY Slip Op 03328)

Matter of Lam Quan MD, P.C. v LM Gen. Ins. Co.

2025 NY Slip Op 03328

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-02960
 (Index No. 610473/22)

[*1]In the Matter of Lam Quan MD, P.C., etc., appellant,
v
LM General Insurance Company, respondent.

Roman Kravchenko, Melville, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated July 19, 2022, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered January 27, 2023. The judgment, insofar as appealed from, (1) awarded the petitioner interest on its recovery of overdue no-fault insurance benefits in the sum of only $39.40, (2) failed to award the petitioner attorneys' fees pursuant to 11 NYCRR 65-4.6(d), (3) awarded the petitioner attorneys' fees for services rendered in the Supreme Court in the sum of only $1,000, and (4) failed to award the petitioner the amount of a 3% surcharge imposed by the Office of Court Administration on the petitioner's credit card transactions.
ORDERED that the judgment is modified, on the law, (1) by deleting the provision thereof awarding the petitioner interest, and (2) by adding a provision thereto awarding the petitioner attorneys' fees pursuant to 11 NYCRR 65-4.6(d); as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, (1) for a recalculation of the award of interest, (2) for a determination of the amount of attorneys' fees to be awarded to the petitioner pursuant to 11 NYCRR 65-4.6(d), and (3) for an award of additional attorneys' fees to the petitioner for this appeal pursuant to 11 NYCRR 65-4.10(j)(4), and for the entry of an appropriate amended judgment thereafter.
The petitioner, Lam Quan MD, P.C., is the assignee of a claim for no-fault benefits in the amount of $1,002.74 for treatment it rendered to Edwin Pierre-Pierre in October 2020. After the respondent denied the claim, the petitioner submitted the claim to arbitration and the arbitrator denied the claim. In an award dated July 19, 2022, a master arbitrator affirmed the arbitrator's award.
Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitrator's award. The respondent did not oppose the petition. In an order entered January 5, 2023, the Supreme Court, inter alia, granted the petition. A judgment was entered on January 27, 2023, which, among other things, awarded the petitioner interest on the overdue claim in the sum of only $39.40 and failed to award the petitioner attorneys' fees pursuant to 11 NYCRR 65-4.6(d). The petitioner appeals.
Pursuant to Insurance Law § 5106(a) and 11 NYCRR 65-3.9(a), interest accrues on overdue no-fault insurance claims at a rate of 2% per month (see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 155-156; Hempstead Gen. Hosp. v Insurance Co. of N. Am., 208 [*2]AD2d 501). Such interest is to be "calculated on a pro-rata basis using a 30-day month" (11 NYCRR 65-3.9[a]). "The interest which accrues on overdue no-fault benefits . . . is a statutory penalty designed to encourage prompt adjustments of claims and inflict a punitive economic sanction on those insurers who do not comply" (East Acupuncture, P.C. v Allstate Ins. Co., 61 AD3d 202, 210 [citations omitted]; see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d at 155). Here, the Supreme Court failed to properly calculate the amount of interest to which the petitioner was entitled on the overdue claim in accordance with Insurance Law § 5106(a) and 11 NYCRR 65-3.9(a). Therefore, we remit the matter to the Supreme Court, Nassau County, for a recalculation of the award of interest.
Further, having determined that the denial of the claim was improper, the Supreme Court should have awarded the petitioner attorneys' fees pursuant to 11 NYCRR 65-4.6(d) (see St. Clare's Hosp. v Allstate Ins. Co., 215 AD2d 641). Moreover, the petitioner is entitled to attorneys' fees for this appeal pursuant to 11 NYCRR 65-4.10(j), to be fixed by the court (see Matter of Bay Needle Care Acupuncture v Country-Wide Ins. Co., 176 AD3d 806, 807; see also Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 706). Therefore, we remit the matter to the Supreme Court, Nassau County, for a determination of the amount of attorneys' fees to be awarded to the petitioner pursuant to 11 NYCRR 65-4.6(d) and for this appeal pursuant to 11 NYCRR 65-4.10(j).
The petitioner's remaining contentions are not properly before this Court.
Accordingly, we modify the judgment and remit the matter to the Supreme Court, Nassau County, for further proceedings in accordance with the foregoing, and the entry of an appropriate amended judgment thereafter.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court