OPINION OF THE COURT
Irving Goldman, J.
This omnibus motion by the defendants seeks, among other things, .an order dismissing the indictment on the ground, among others, that ECL 71-2717 under which they are charged is unconstitutional in that rules and regulations promulgated by the Department of Environmental Conservation and essential to its enforcement were unconstitutionally .established.
The indictment, consisting of three counts, charged each defendant with the unlawful dealing in hazardous waste as prohibited by ECL 71-2717, specifically subdivisions 1 and 3 thereof. These subdivisions deal with the unauthorized *990 disposal of hazardous wastes, or the hiring of a third party for such disposal, and with assisting with their removal and unauthorized disposal.
ECL 27-0903 mandates the Commissioner of the Department of Environmental Conservation to promulgate regulations as to what constitutes “hazardous waste” in a manner consistent with the State Administrative Procedure Act. In that respect, the Commissioner did not establish his own list of specific hazardous wastes. Rather, he incorporated by reference a list contained in the Code of Federal Regulations designated as 40 CFR 261.31 and 261.32 to be published in the State Register. This was accomplished in September, 1981, as part of emergency regulations which expired after 60 days. Permanent regulations were promulgated in January, 1982, again incorporating the Federal list of hazardous wastes by reference. Not until December 23, 1982, was an actual list of hazardous wastes ever submitted to the Secretary of State. This was done by delivering to the Department of State photocopies of the Federal regulations containing a list of hazardous wastes as an appendix.
“Incorporation by reference” as a “shorthand” way of filing and publishing a lengthy rule or regulation has been held to violate section 8 of article IV of the New York State Constitution. (Matter of New York State Coalition of Public Employers v New York State Dept. of Labor, 60 NY2d 789.) That provision states: “No rule or regulation made by any state department * * * [or] officer * * * shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.” (NY Const, art IV, § 8.)
Indictments brought under identical or kindred sections of the Environmental Conservation Law have been dismissed by three County Courts, who held that the Commissioner’s failure to file a specific list violated this constitutional provision (People v Italia, County Ct, Erie County, April 26, 1983;[1] People v Dommermuth, County Ct, Albany County, Dec. 23, 1982, app dsmd[2] 93 AD2d 917; People v *991 Dommermuth Petroleum Equip. & Maintenance Corp., County Ct, Rensselaer County, Dec. 13, 1982, app dsmd[3] 93 AD2d 917).
In each of these cases the decision was predicated on the holding of the Appellate Division of this Judicial Department in Matter of New York State Coalition of Public Employers v New York State Dept. of Labor (89 AD2d 283), decided November 4, 1982, and recently affirmed unanimously by the Court of Appeals on October 25, 1983 (60 NY2d 789, supra).[4]
The similarity of the above-cited three cases to the Coalition case (supra) is apparent from the recital of the underlying facts set forth in the memorandum decision of the Court of Appeals wherein it was stated that “the Labor Law directed the Industrial (now Labor) Commissioner to adopt by rule all safety and health standards promulgated under the United States Occupational Safety and Health Act (OSHA) which were in effect on December 27, 1980. Pursuant to this direction, the commissioner promulgated and published in the State Register a proposed rule which simply ‘incorporated by reference’ all of the standards in 29 CFR parts 1910 and 1926. (12 NYCRR 800.3.)” (Matter of New York State Coalition of Public Employers v New York State Dept. of Labor, 60 NY2d 789, 790, supra.)
The Court of Appeals agreed with the Appellate Division and Special Term that section 8 of article IV of the New York State Constitution forbids such wholesale incorporation by reference. It reaffirmed its prior holding in People v Cull (10 NY2d 123,128), that one of the purposes of section 8 of article IV was “to insure the existence of a common and definite place where the exact content of rules and regulations, including any changes, might be found.” (Matter of New York State Coalition of Public Employers v New York *992 State Dept. of Labor, 60 NY2d 789, 791, supra). Further, the court found that the Commissioner of Labor violated the Constitution’s plain language “which requires all rules and regulations to be ‘filed in the office of the department of state’ before they become effective” since the OSHA regulations had not been so filed (p 791).
The Attorney-General argues that the Coalition case (supra) may be distinguished from that at bar since in Coalition the required filing never took place. Here, however the Attorney-General contends that there was constitutional compliance by the Commissioner because copies of the Federal regulations containing a list of hazardous wastes were “filed” as an appendix with the Secretary of State by submission to that office on December 23,1982, of the entire photocopied text of such Federal regulations. Publication as authorized “by virtue of the incorporation by reference contained in 6 NYCRR 366” was also requested.[5]
Assuming, arguendo, that such submission constituted completion of proper filing and publication envisioned by People v Cull (supra), and required by section 8 of article IV of the New York State Constitution, any alleged illegal activity engaged in by the defendants prior to December 23,1982 would not be indictable since the required “filing” had not been accomplished. (People v Italia, supra; People v Dommermuth, supra; People v Dommermuth Petroleum Equip. & Maintenance Corp., supra; Matter of New York State Coalition of Public Employers v New York State Dept. of Labor, supra.)
The indictment contains no specific dates of the alleged illegal transactions. The bill of particulars given in response to the defendants’ demand alleges violations on June 1,1982, August 5,1982, August 26,1982, August 27, 1982, September 27, 1982, October 5, 1982, October 15, 1982, November 15,1982, November 18,1982, January 10, 1983, and February 28, 1983. Accordingly, so much of the first count of the indictment embracing alleged violations prior to December 23, 1982, must be dismissed.
*993 The court now addresses the question of whether the Commissioner’s December 23, 1982 submission to the Secretary of State constituted proper “filing” as intended by the State Constitution in section 8 of article IV. If such submission failed to satisfy the constitutional and statutory requirements for “filing”, then the activity of the defendants which took place after that date would not constitute indictable offenses.
The State Administrative Procedure Act provides in detail for rule-making procedure. That procedure requires that the “express terms of the proposed rule” be set forth in a notice published in the New York State Register (State Administrative Procedure Act, § 202, subd 1, par [c], cl [3]; § 202, subd 2, par [b], cl [3]). This requirement serves to provide potentially affected parties an opportunity to study the proposed rules and to comment thereon. Subdivision 3 of section 202 of the State Administrative Procedure Act also requires that the rule-making agency submit a notice of action taken to the Secretary of State for publication in the State Register with substantive changes resulting from the final action and not included in the originally proposed rule. Thus, subdivision 3 of section 202 enables persons concerned to provide input for the final drafting of proposed rules and regulations.
Prior to the December 23,1982 submission, the Commissioner certified that it had complied with the State Administrative Procedure Act when it adopted Federal regulations as its own rules by having them incorporated by reference, and published as so incorporated in the New York Official Code of Rules and Regulations as 6 NYCRR part 366. The Commissioner apparently assumed that his wholesale incorporation by reference of the Federal list of hazardous material in the various notices published in the New York State Register was sufficient to fulfill the State Administrative Procedure Act procedures. But such incorporation by reference has been judicially declared unconstitutional as violative of due process in failing to provide proper notice of prohibited conduct. It was so held by the Court of Appeals in the Coalition case (supra), and by the County Court decisions cited supra. Thus, there is lacking the necessary foundation required by the State Adminis *994 trative Procedure Act for the December 23, 1982 submission as a “filing” even with the inclusion of the list of hazardous wastes as an appendix.[6]
This court finds that the submission by the Commissioner on December 23, 1982, failed to comply with the prerequisites required by the State Administrative Procedure Act since no prior notice nor hearing on the actual text of the proposed rules and regulations to be adopted in New York State were ever effectuated.[7] Hence, no notice of what conduct was prohibited under New York State law was promulgated.
ECL 71-2717, the statute under which the defendants are charged, prohibits “[u]nlawful dealing in hazardous wastes in the first degree” — a felony. “Hazardous wastes”, “[authorization”, and “[disposal”, key words in the statute, are defined in ECL 71-2702, which sets forth the sections of the ECL to which these definitions apply. However, ECL 71-2717 is not included among those sections. Such omission can be attributed to either legislative inadvertence or design. If its omission was caused by inadvertence, a correction can be made by the courts to carry out legislative intent. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 363, p 527, citing Standard Acc. Ins. Co. v *995 Newman, 268 App Div 967.) The courts are bound “to assume that the Legislature acted with the best [motivation] and with the [sure] purpose of accomplishing what the statute purports” (op. cit., § 73, p 156) and are expected to reject a construction which would make a statute absurd (op. cit., § 145, p 294). However, section 363 of McKinney’s Statutes (op. cit., pp 525-528) states:
“Omissions from statute
“Generally, omissions in a statute cannot be supplied by construction.
“It is a general rule of construction that omissions in a statute cannot be supplied by construction; omissions are to be remedied by the Legislature, and not by the courts. Thus, a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact * * *
“Stated differently, judges should not attempt to fill up a casus omissus and interpolate into a statute what in their opinion should have been put there by its framers, however just and desirable it may be to supply the omitted provision. Thus, where the Legislature fails to insert such provisions in the law as will accomplish the result intended, their omission cannot be remedied by construction, and the law must be considered to that extent defective and inoperative * * * An omission in legislative intent is not to be supplied by the courts.”
Examination of ECL 71-2702’s legislative history reveals that it was enacted in 1981. This past year (1983) it was amended by the addition of a new paragraph (c) to subdivision 1 pertaining to waste oils and by the recasting of subdivision 5 defining “[disposal”, with both amendments becoming effective January 1,1984. After two years of legislative sessions, two amendments in 1983 to ECL 71-2702, and four lawsuits in four different counties, to attribute the omission to legislative oversight or inadvertence strains one’s credulity. Surely there was ample opportunity and time for the statute’s correction.
This court finds that proper notice of what conduct was prohibited under New York State law and regulation was not promulgated by the Department of Environmental Conservation because of its “incorporation by reference” of *996 the Federal rules in violation of section 8 of article IV of the New York State Constitution. Accordingly, the indictment in the above-entitled case should be and is dismissed.

. According to the clerk of the Appellate Division, Fourth Department, notice of appeal was filed by the Attorney-General, but no other action has been taken by his office.

. Appeals were dismissed on technical grounds.

. Appeals were dismissed on technical grounds.

. In People v Attco Metal Inds. (122 Misc 2d 689) the court denied a motion by the defendants to dismiss the indictment charging violations of the “Hazardous Wastes” law. The defendants had contended that Federal provisions had been incorporated by reference in contravention of section 16 of article III of the New York Constitution but apparently did not assert a violation of section 8 of article IV. In his brief submitted in argument before the Court of Appeals in the Coalition case, the Attorney-General relied, in part, on case interpretation of section 16 of article III to justify incorporation by reference of Federal OSHA regulations. However, in its decision disapproving of such incorporation by reference the Court of Appeals does not mention section 16 of article III.

. Memorandum from M. Peter Lanahan, Jr., First Deputy Commissioner, New York State Department of Environmental Conservation to Bruce Stuart, Publications Counsel, Department of State, dated and received December 23, 1982.

. According to the affirmation of Kevin Young, Esq., dated September 15,1981, the Department of State did not plan to publish in NYCRR the Federal regulations previously incorporated by reference in 6 NYCRR part 366. Not until November 9,1983 was a list of “hazardous wastes” ever published in the State Register. (See n 7, infra.)

. It is significant to note that on November 9, 1983, the New York State Register carried the following item:
“proposed agency action “no hearing scheduled
“pursuant to the provisions of the State Administrative Procedure Act, notice is hereby given of the following proposed action:
“Proposed action: Amendments to Parts 365 and 366 of Title 6 NYCRR.
“Statutory authority: Environmental Conservation Law, sections 27-0903, 27-0907 and 3-0301.2(m) ***
“Purpose: * * * to add lists of hazardous waste to our regulations which were originally incorporated by reference.
“6 NYCRR Part 366 will be amended by incorporating the actual text of the hazardous waste lists in the regulation. Presently these lists are incorporated in Part 366 by reference to the federal hazardous waste lists. This action will commit the department to triggering rulemaking as a result of the federal government amending from time to time, its hazardous waste list.”