■ BRENDA STANAVICH, Respondent, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant. [645 NYS2d 657] —White, J. Appeal from an order of the Supreme Court (Best, J.), entered April 21, 1995 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff sustained personal injuries in an automobile accident that occurred on November 23, 1981 in the City of Amsterdam, Montgomery County. Thereafter, she sought medical treatment from Benjamin Button, who submitted two verification of treatment by attending physician forms to defendant, plaintiff's no-fault insurer, indicating that he rendered medical treatment to plaintiff on December 2 and 11, 1981 and March 2, 1982 for a cerebral concussion and an acute cervical and dorsal strain. It appears that plaintiff received further treatment from Button on November 14, 1984 and that defendant paid his bill. In the summer of 1987, defendant received several claims for payment from plaintiff's health care providers which it denied. This prompted plaintiff to commence this breach of contract action seeking payment for these services. Following its unsuccessful motion for summary judgment, defendant instituted this appeal.

Defendant's argument that it does not have to pay the medical expenses plaintiff incurred in 1987 is predicated upon Insurance Law § 5102 (a) (1) that is incorporated in the policy issued to plaintiff. That statute, whose apparent purpose is to enable an insurer to verify that an injury is related to an accident (Comment, *New York Adopts No-Fault: A Summary and Analysis*, 37 Alb L Rev 662, 684), provides in relevant part that an insurer must pay all necessary medical expenses of its insured without limitation as to time "provided that within one year after the date of the accident causing the injury it is ascertainable that further expenses may be incurred as a result of the injury". In furtherance thereof, the implementing regulation provides that "an insurer shall not be liable for the payment of medical [expenses] * * * if, during a period of one year from the date of the accident, no such expenses have been incurred by the [insured]" (11 NYCRR 65.15 [o] [1] [iii]).

Our interpretation of the foregoing is that an injury is not ascertainable if no evidence of it is submitted to the insurer within a year of the accident. Thus, for example, where an insured within the one-year period submitted expenses for a cervical injury and then three years later submitted expenses for a knee injury, the knee injury would not be ascertainable within the meaning of Insurance Law § 5102 (a) (1). On the other hand, taking the same example, if the subsequent treatment was for a cervical injury, that injury would be ascertainable since expenses for treatment for that injury had been submitted to the insurer within the one-year period.

In this instance, defendant did not establish that plaintiff's 1987 medical expenses were for injuries for which expenses for treatment had not been submitted to it within one year of her accident. Accordingly, it was not entitled to summary judgment on the ascertainability issue.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.