■ CHERYLANN S. HADDEN et al., Respondents, v ANTHONY EFFNER, Appellant. [693 NYS2d 734] —Mercure, J. Appeal from an order and judgment of the Supreme Court (Ingraham, J.), entered July 30, 1998 in Otsego County, upon a verdict rendered in favor of plaintiffs.

A jury awarded plaintiff Cherylann S. Hadden (hereinafter plaintiff) money damages of $130,000 for personal injuries she sustained in an August 12, 1993 collision with a vehicle operated by defendant. As limited by defendant's brief, the only issue that we need consider is whether Supreme Court erred in refusing to reduce the jury's award of $80,000 for future medical expenses by the amount of plaintiff's "basic economic loss" (Insurance Law § 5102 [a] [1]). We conclude that Supreme Court did not err and accordingly affirm.

Although defendant is correct in his central hypothesis that "a jury verdict which awards sums covered as basic economic loss must be reduced" (*see, Fischer v Luczak*, 198 AD2d 474, 475), we are not persuaded by his unsupported assumption that the $80,000 award for future medical expenses was intended to compensate plaintiff for expenses falling within the definition of "basic economic loss". To the contrary, in the absence of record evidence supporting a finding that "within one year after the date of the accident causing the injury it [was] ascertainable that further expenses may be incurred as a result of the injury" (Insurance Law § 5102 [a] [1] [iv]), which this court has interpreted to mean that expenses for treatment for the injury had been submitted to the no-fault carrier within the one-year period (*see, Stanavich v General Acc. Ins. Co.*, 229 AD2d 872, 873), we conclude that the subject award does not compensate plaintiff for expenses constituting "basic economic loss" (*see, id.*). Notably, the injury to plaintiff's lower back, which formed the basis for the claim for future medical expenses, was not diagnosed until more than 14 months following the accident.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ.,

concur. Ordered that the order and judgment is affirmed, with costs.