■ HOSPITAL FOR JOINT DISEASES, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [800 NYS2d 190]—

In an action to recover unpaid no-fault benefits, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated November 17, 2003, which denied its motion for summary judgment on the first and second causes of action and granted the defendant's cross motion for summary judgment dismissing those causes of action.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion which were for summary judgment dismissing the first and second causes of action and denying that branch of the motion which was for summary judgment on the first cause of action and substituting therefor provisions denying those branches of the cross motion, reinstating the first and second causes of action, and granting that branch of the motion which was for summary judgment on the first cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in concluding that the plaintiff lacked standing to bring the action absent proof of a valid assignment from each claimant. The hospital facility forms submitted on behalf of the respective patients indicated that the signature of each patient/assignor was "on file." There was no allegation or evidence that the defendant timely objected to the completeness of the forms or sought verification of the assignments as required by 11 NYCRR 65.15 (d). Accordingly, the defendant waived any defenses based thereon (*see Nyack Hosp. v*

*Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564 [2005]; *New York Hosp. Med. Ctr. of Queens v New York Cent. Mut. Fire Ins. Co.*, 8 AD3d 640, 641 [2004]; *New York Hosp. Med. Ctr. of Queens v AIU Ins. Co.*, 8 AD3d 456 [2004]).

With regard to the first cause of action, after the plaintiff made out a prima facie case for summary judgment, the defendant failed to raise a triable issue of fact as to whether the insured's 2002 medical expenses "were for injuries for which expenses for treatment had not been submitted to it within one year of [his] accident" (*Stanavich v General Acc. Ins. Co. of Am.*, 229 AD2d 872, 873 [1996]; *see* 11 NYCRR 65.15 [o] [1] [iii]). In any event, the defendant's failure to assert this statutory-exclusion defense within 30 days of the receipt of the no-fault claim constituted a waiver (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 286 [1997]; *Westchester Med. Ctr. v American Tr. Ins. Co.*, 17 AD3d 581 [2005]). Accordingly the plaintiff was entitled to summary judgment on the first cause of action.

With regard to the second cause of action, the defendant asserted that no policy of insurance was in effect covering the injured party on the date of the accident. While the defendant offered a denial of claim form dated December 30, 2002, to that effect, there was no affidavit of service to establish that the form was, in fact, mailed to the plaintiff within 30 days of receipt of the claim (*see Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., supra*). Regardless, "[s]trict compliance with the time requirements of both the statute and regulations may be obviated and the preclusion remedy rendered unavailable when denial of claims is premised on a lack of coverage" (*Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195, 199 [1997]; *see Westchester County Med. Ctr. v Allstate Ins. Co.*, 283 AD2d 488, 489 [2001]). Here, a triable issue of fact exists as to whether coverage existed at the time of the accident at issue. Accordingly, neither party was entitled to summary judgment on this cause of action. H. Miller, J.P., Ritter, Goldstein and Skelos, JJ., concur.