OPINION OF THE COURT
Shlomo S. Hagler, J.
Defendant New York Central Mutual Fire Insurance Company *767 (NYCM) moves for an order “revising the attorney’s fees on plaintiffs judgment in the above captioned matter, pursuant to 11 NYCRR 65-3.10 and 65-4.6.” Plaintiff Adam Marigliano, LMT, opposes the motion.
Background
Plaintiff medical provider sought to recover the sum of $1,593.67 in first-party no-fault benefits assigned to him by defendant’s insureds. Defendant denied the claims based on lack of medical necessity, overlapping services, failure to bill services in accordance with the no-fault fee schedule, and lack of causal relationships between the accidents and the injuries alleged. As a result of defendant’s denial and subsequent nonpayment of claims, plaintiff commenced this action in or about August 2005 by the filing and service of the summons and verified complaint. (Exhibit A to defendant’s motion.) Defendant interposed its answer in September 2005. (Id.) Thereafter, plaintiff filed his notice of trial. Defendant then moved for an order to vacate the notice of trial pursuant to 22 NYCRR 202.21 (e) and 208.17 (c), and compelling plaintiff, plaintiffs assignor, and the treating physician to appear for depositions pursuant to CPLR 3124 and 3125. Plaintiff opposed the motion and cross-moved for an order granting him summary judgment pursuant to CPLR 3212 or, in the alternative, a protective order pursuant to CPLR 3103.
By decision/order dated July 25, 2006 (prior order), this court granted defendant’s motion to vacate the notice of trial and compel depositions of plaintiff and the treating physician only. This court also granted plaintiff partial summary judgment on his third, seventeenth, twenty-seventh and thirty-first causes of action, each for assignor Jose Contreras in the sum of $69.29 for a total of $277.16, “together with interest at the statutory rate of 2% per month pursuant to 11 NYCRR § 65-3.9 (a) and statutory attorney’s fees pursuant to 11 NYCRR § 65-4.6.” The parties were directed to settle judgment accordingly.[1] (Exhibit B to defendant’s motion.)
Arguments
The gravamen of defendant’s motion is that plaintiff is only entitled to a single attorney’s fee award fpr the total or aggregate of all four bills and causes of action plaintiff brought on *768 behalf of the same assignor, Jose Contreras. In sharp contrast, plaintiff argues that he is entitled to a separate attorney’s fee award for each of the four claims. In other words, plaintiff seeks payment of attorney’s fees on a “per claim” basis.
Attorney’s Fees
The current statutory authority governing first-party no-fault benefits is codified in the “Comprehensive Motor Vehicle Insurance Reparations Act” under article 51 of the Insurance Law (L 1984, chs 367, 805). This legislation is commonly referred to as the “No-Fault Law” because it provides a plan for compensation of victims of motor vehicle accidents for economic loss without regard to fault or negligence. (Montgomery v Daniels, 38 NY2d 41 [1975]; Oberly v Bangs Ambulance, 96 NY2d 295 [2001].) The general framework for payment of first-party benefits, including attorney’s fees, derives from Insurance Law § 5106 (a). It states as follows:
“(a) Payments of first party benefits and additional first party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied. All overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion was overdue, the claimant shall also be entitled to recover his attorney’s reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations.” (Emphasis added.)
Regulation 68, 11 NYCRR Part 65
The Insurance Department is the governmental agency responsible for the administration of article 51 of the Insurance Law. In this capacity, the Superintendent of Insurance, interpreting Insurance Law § 5106, promulgated Regulation 68 and codified it under 11 NYCRR part 65.
Four sections of these regulations — sections 65-4.6, 65-3.10, 65-3.19 and 65-4.10 (j) — form the blueprint or outline for payment of attorney’s fees in first-party benefit actions. However, section 65-4.6 is the only section which applies to awarding attorney’s fees in a court action where the claimant is the prevail *769 ing party. The other sections are inapplicable to court actions as they refer to late payment of claims, offsets, arbitration and master arbitration awards.
Section 65-4.6 sets forth the limitations on attorney’s fees pursuant to Insurance Law § 5106 (a). The relevant portions of this section dealing with court actions are subdivisions (a), (c) and (e) as follows:
“(a) If an arbitration was initiated or a court action was commenced by an attorney on behalf of an applicant and the claim or portion thereof was not denied or overdue at the time the arbitration proceeding was initiated or the action was commenced, no attorney’s fees shall be granted. . . .
“(c) Except as provided in subdivisions (a) and (b) of this section, the minimum attorney’s fee payable pursuant to this subpart shall be $60. . . .
“(e) For all other disputes subject to arbitration, subject to the provisions of subdivisions (a) and (c) of this section, the attorney’s fee shall be limited as follows: 20 percent of the amount of first-party benefits, plus interest thereon, awarded by the arbitrator or court, subject to a maximum fee of $850.”
Nomenclature
The dispute between the parties partially stems from the imprecise nomenclature of terms that health providers, insurers and even courts utilize interchangeably in first-party benefit actions. This is primarily so because the Insurance Department’s regulations interpreting Insurance Law § 5106 (a) do not contain a section defining integral terms. They often misuse the common terms of “bill,” “claim,” and “cause of action.”
A bill should be defined as an account of the provider’s request for payment for treatment/services rendered and/or supplies provided. A “claim” under article 51 of the Insurance Law should be referred to as a “proof of claim”[2] which is submitted as a “Verification of Treatment by Attending Physician or Other Provider of Health Service” (form NF-3), or less commonly, “Verification of Hospital Treatment” (form NF-4), or “Hospital Facility” (form NF-5) or their functional equivalents. Significantly, the forms provide the insurer with the name of *770 the policyholder, name and address of the provider, policy number, date of accident, date of health care service, place of service, description of various treatment/service rendered and charges billed. Each “proof of claim” form may encompass a bill for a single service or treatment rendered or multiple bills for several treatments and/or services rendered on one or more dates.
The legal definition of cause of action is “[a] group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person.” (Black’s Law Dictionary 235 [8th ed 2004].)
Payment of Attorney’s Fees Claim Versus Cause of Action
One of the latest issues arising in the thicket of first-party no-fault regulations is whether attorney’s fees are awarded based on each “proof of claim” as defined above or computed through the aggregate of all bills, proofs of claim, and causes of action for the same assignor.
A majority of the trial courts which have dealt with this issue have awarded attorney’s fees based on each proof of claim. (See, e.g., Willis Acupuncture, P.C. v Government Empls. Ins. Co., 6 Misc 3d 1002[A], 2004 NY Slip Op 51702[U] [Civ Ct, Kings County 2004, Thomas, J.]; AM. Med. Servs. P.C. v New York Cent. Mut. Fire Ins. Co., NYLJ, July 24, 2006, at 25, col 1 [Civ Ct, Queens County, Raffaele, J.]; Alpha Chiropractic P.C. v State Farm Mut. Auto Ins. Co., 14 Misc 3d 673 [Civ Ct, Queens County 2006, Siegal, J.]; Valley Stream Med. & Rehab, P.C. v Liberty Mut. Ins. Co., 15 Misc 3d 576 [Civ Ct, Queens County 2007, Lebedeff, J.].)
On the other hand, an informal opinion letter issued by the Office of the General Counsel of the Insurance Department on October 8, 2003 (exhibit C to defendant’s motion), and relied upon by one trial court in Marigliano v New York Cent. Mut. Fire Ins. Co. (13 Misc 3d 1079 [Civ Ct, Richmond County 2006, Sweeney, J.]), endorses the awarding of attorney’s fees based on the aggregate of all bills, proofs of claim, and causes of action for the same assignor.
While there is a plethora of cases in the Second Department on this complex issue, there do not appear to be any reported decisions in the trial and appellate levels of the First Department. Incredibly, this case appears to be one of first impression *771 in the First Department even though the No-Fault Law was enacted more than 30 years ago. A proper review of this issue requires analysis of the legislative intent, statutory construction and historical perspective of Insurance Law § 5106 (a).
Legislative Intent
The noble and stated intent of the No-Fault Law was to create a new and improved insurance reparations system “which . . . assures that every auto accident victim will be compensated for substantially all of his [or her] economic loss, promptly and without regard to fault-, [and] will eliminate the vast majority of auto accident negligence suits, thereby freeing our courts for more important tasks.” (Governor’s Mem approving L 1973, ch 13, 1973 McKinney’s Session Laws of NY, at 2335 [emphasis added]; Matter of Granger v Urda, 44 NY2d 91 [1978].)
The Court of Appeals also noted that the avowed purpose of the No-Fault Law was to “guarantee” “prompt and full compensation for economic losses . . . without the necessity of recourse to the courts [;] the Legislature acted reasonably to eliminate much of the wasted expenditures of premium dollars on expenses extraneous to treatment of injury.” (Montgomery v Daniels, 38 NY2d 41, 55 [1975] [emphasis added]; Insurance Law former § 675 [1].)
A lynchpin of the No-Fault Law was the prompt payment of victims’ claims under the so-called “30-day rule” as first-party benefits were “overdue if not paid within thirty days after the claimant supplies proof of the fact and the amount of loss sustained.” (Montgomery, 38 NY2d at 47, quoting Insurance Law former § 675 [1].)
“The Legislature provided that where an unpaid claim is overdue, as here, a claimant shall recover as part of his award his attorney’s reasonable fee (Insurance Law, § 675, subd 1 [now Insurance Law § 5106 (a)]). It is clear that the Legislature intended that an insurance company not be able to frustrate the operation of the statute [No-Fault Law] by throwing legal obstacles in the path of recovery.” (Matter of Simmons [Government Empls. Ins. Co.], 59 AD2d 468, 473 [2d Dept 1977].)
Thus, the Legislature intended to mandate the insurer’s strict compliance with the “30-day rule” to avoid the claimant resorting to judicial intervention by imposing one of the highest statutory interest rates payable at two percent per month as well as payment of attorney’s fees.
*772 Statutory Construction
When construing a statute, a court “should consider the mischief sought to be remedied . . . and . . . should construe the act in question so as to suppress the evil and advance the remedy.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 95; see also, T.D. v New York State Off. of Mental Health, 228 AD2d 95, 106 [1st Dept 1996]; Lincoln First Bank of Rochester v Rupert, 60 AD2d 193, 197 [4th Dept 1977].)
With this principle in mind, a fair reading of Insurance Law § 5106 (a) provides for payment of attorney’s fees on a “per claim” basis. The statute requires a claimant to supply the insurer with the “proof of the fact and amount of loss sustained.” This is tantamount to the claimant submitting to the insurer a “proof of claim” such as the NF-3, NF-4 or NF-5 forms or their functional equivalents. The statute further states that “[i]f proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied.” This infers that multiple treatments and services may be consolidated into a single “proof of claim” which is subject to the “30-day rule.” The triggering event which results in payment of interest and attorney’s fees is the insurer’s failure to pay a “valid claim or portion” thereof within 30 days. In other words, there is a cause and effect relationship. The “cause” is the insurer’s failure to timely pay any portion of the substantiated “proof of claim” and the “effect” is the insurer’s required payment of the claim with interest thereon and attorney’s fees. Simply stated, at the time any portion of the “proof of claim” becomes overdue, the insurer is liable to pay attorney’s fees for each overdue item.
As stated above, the legislative intent of the No-Fault Law was to promptly and fully compensate auto accident victims without judicial intervention. When an auto accident victim is forced to resort to litigation due to nonpayment of benefits, it frustrates the legislative intent to remedy “the mischief’ and advance the goal of prompt and full compensation and to discourage litigation. Therefore, the payment of the victim’s attorney’s fees should be awarded for each “proof of claim” that becomes overdue.
Historical Perspective
There are at least three Second Department appellate decisions which have held that a claimant is entitled to recover statutory attorney’s fees on a “per claim” basis. (Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co., 207 AD2d 338 [2d *773 Dept 1994]; Hempstead Gen. Hosp. v Insurance Co. of N. Am., 208 AD2d 501 [2d Dept 1994]; St. Clare’s Hosp. v Allstate Ins. Co., 215 AD2d 641 [2d Dept 1995].)
What makes this issue perplexing is the brevity of each of the above appellate decisions which neither explained nor defined its usage of the term “claim.” Even the landmark case of Smith-town Gen. Hosp. v State Farm Mut. Auto Ins. Co. (supra) has been cited by both parties in support of their respective positions. Claimants assert the plain meaning of the term “claim” as actually a “proof of claim” (i.e., NF-3, NF-4, or NF-5). Insurers opine that the Smithtown court’s meaning of “claim” is really referring to 21 different causes of action and assignors. In other words, each cause of action for a different assignor constitutes a “claim.” A review of the Smithtown complaint and the briefs submitted to the Appellate Division indicates that the 21 claims at issue were actually 21 causes of action for 21 different assignors. Unfortunately, there were no two proofs of claim submitted for any one assignor. Therefore, no definitive determination of the issue may reasonably be adduced from the Smithtown holding.
However, there is an earlier Second Department decision in Mid-Island Hosp. v Empire Mut. Ins. Co. (120 AD2d 652 [2d Dept 1986]) which should end the controversy. In Mid-Island Hosp., plaintiffs served a complaint asserting five causes of action for nonpayment of first-party no-fault benefits. The first and second causes of action were brought by one of the plaintiffs, Mid-Island Hospital, on behalf of the same assignor, Mildred Koegel, for separate claims of $2,532 and $422. Plaintiffs argued they were entitled to additional “fees on fees” for prosecuting the action. The insurer took the position that plaintiffs were only entitled to payment of the then statutory minimum payment of $50 per claim for each cause of action and no “fees on fees” were authorized under the applicable statute. The Appellate Division affirmed the trial court’s finding that “plaintiffs were entitled to attorney’s fees of $50 on each of their five causes of action, as each claim was settled prior to commencement of the instant action.” (Id. at 653.) Significantly, the Appellate Division held that plaintiff Mid-Island Hospital was entitled to attorney’s fees of $50 for each of the two claims that it brought on behalf of Ms. Koegel. The Mid-Island Hosp. holding convincingly demonstrates that plaintiffs are entitled to be compensated for attorney’s fees for each proof of claim brought on behalf of the same assignor.
*774 Insurance Department’s Opinion Letter of October 8, 2003
The Insurance Department’s opinion letter of October 8, 2003 is informal and not binding on any court. (State Farm Mut. Auto. Ins. Co. v Mallela, 372 F3d 500, 506 [2d Cir 2004]; Matter of Park Radiology v Allstate Ins. Co., 2 Misc 3d 621, 625 n 2 [Civ Ct, Richmond County 2003, Vitaliano, J.].)
Courts may defer to the government agency charged with the responsibility for administration of the particular statute “[w]here the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom” (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]). However, where
“the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent [as in this case], there is little basis to rely on any special competence or expertise of the administrative agency [the Insurance Department] and its interpretative regulations are therefore to be accorded much less weight. And, of course, if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight.” (Id.)
Similarly, where the Insurance Department’s interpretations of Insurance Law § 5106 (a) and its regulations are irrational and unreasonable, they will not be upheld. (Id.)
In this case, the Insurance Department’s opinion letter of October 8, 2003 limits the claimant’s recovery to the “total amount of individual bills disputed . . . regardless of whether one bill or multiple bills are presented as part of a total claim for benefits.” (Ops Gen Counsel NY Ins Dept No. 03-10-04 [Oct. 2003].) This is an irrational and unreasonable interpretation of the statutory construction of Insurance Law § 5106 (a), runs contrary to the legislative intent of providing claimants with prompt and full compensation, and ignores the historical perspective of the courts which have, at least, awarded the minimum attorney’s fees for each disputed claim which is resolved in favor of the claimant.
Accordingly, this court rejects the Insurance Department’s informal and nonbinding opinion letter of October 8, 2003, for reasons similar to those of several trial courts that have done so in the past. (Alpha Chiropractic P.C. v State Farm Mut. Auto Ins. Co., supra; Valley Stream Med. & Rehab, P.C. v Liberty Mut. Ins. Co., supra.)
*775 Conclusion
Defendant’s motion to revise the attorney’s fees on the plaintiff’s judgment is denied as defendant failed to provide a copy of said proposed judgment and plaintiff is entitled to a minimum attorney’s fee of $60 for each of the four “claims” he asserted on behalf of his assignor, Jose Contreras. The parties are directed to settle the judgment accordingly.

. Neither party settled the judgment. Moreover, defendant failed to attach a copy of the proposed judgment that it seeks to revise.

. A “proof of claim” would be more accurate and avoid confusion because a “claim” can also be loosely defined as a “cause of action.” (Black’s Law Dictionary 264 [8th ed 2004].)