OPINION OF THE COURT
Lila Gold, J.
*800 In this action to recover first-party no-fault benefits in the amount of $878.67, for medical services rendered to its assignor, plaintiff and defendant stipulated to the proper and timely claim of the provider, thereby establishing a prima facie entitlement to payment. (Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003].) The plaintiff and defendant further stipulated that the denial of benefits was timely and that the only issue for trial was medical necessity based on a peer review. The stipulation additionally provided that the peer review and underlying medical records were to be admitted into evidence. Thus, the burden shifted to defendant to prove lack of medical necessity.
Defendant called Dr. Drew Stein, the author of the peer review dated July 6, 2007, who testified that the MRI of the right shoulder was not medically necessary. On cross-examination, Dr. Stein was asked to describe the purpose of a peer review. Dr. Stein’s answer was “to confirm or deny a prognosis.” He then was asked whether an MRI in this particular case was necessary in order to rule out a muscular-skeletal injury vis-á-vis a nerve root injury, to which he answered in the affirmative. In fact, the MRI did show possible nerve impingement.
Dr. Stein, who has been practicing medicine for only four years, was never qualified as an expert by defendant. Nor was his expertise established.
To rebut defendant’s witness, plaintiff called Dr. David Finkelstein who was deemed an expert by the court, without objection, in the field of neurology. Dr. Finkelstein testified that, based on his review of the medical records and the patient’s complaint of pain radiating from the neck to the right shoulder area, an MRI would be helpful to determine which body part should be treated, i.e., the neck or shoulder. He also indicated, from the muscular tests which were performed, there were signs of neurological involvement in that area which an MRI would clarify.
Although it is not the court’s opinion that the services were medically necessary per se, once the plaintiff had established its prima facie case, the burden shifted to the defendant to present sufficient evidence to establish a defense based on the lack of medical necessity. The court finds that Dr. Stein’s testimony was insufficient to establish a defense based on the lack of medical necessity, and, therefore, the burden never shifted back to plaintiff. (West Tremont Med. Diagnostic, P.C. v GEICO Ins. Co., 13 Misc 3d 131[A], 2006 NY Slip Op 51871[U] [App Term, 2d & *801 11th Jud Dists 2006].) Thus, after hearing the evidence, and despite Dr. Finkelstein’s testimony, the court does not need to reach the issue of the sufficiency of plaintiffs rebuttal. Rather, the court, as trier of the facts, is free to assess and reject the testimony as it sees fit and, therefore, finds that the evidence presented by defendant was insufficient to sustain its burden as to the issue of lack of medical necessity.
Wherefore, judgment is to be entered in favor of plaintiff as against defendant in the sum of $878.67, together with statutory interest and attorneys fees, plus costs and disbursements.