OPINION OF THE COURT
Katherine A. Levine, J.
The novel issue presented is what type of proof a defendant insurance company must present at trial in order to prevail on its defense that the injury billed for by a plaintiff medical service provider was not medically ascertainable within a year. Both parties concede that in order for this defense to be even raised, the insurance company must issue a timely denial.
This action was commenced by plaintiff AP Orthopedics & Rehabilitation, EC. (AP Orthopedics) to obtain payment from defendant Allstate Ins. Co. (defendant or Allstate) for medical services it provided to its assignor Nelson Hernandez (assignor) in the form of arthroscopic surgery of the shoulder on October 11, 2006. Allstate received the bill on June 14, 2007 and timely denied it within 30 days on the grounds that the injury to the assignor’s shoulder was not ascertainable within one year of the accident.
Defendant presented the testimony of its claims examiner Nicholas D’Ermilo (claims examiner or D’Ermilo) to prove its defense. D’Ermilo testified that he had been employed by Allstate for over 27 years in its no-fault department and was a unit supervisor in no-fault in 1999 when Allstate first received claims from the assignor. He testified, that within one year of the accident, which occurred on February 14, 1999, Allstate received a number of bills from various medical providers other than plaintiff regarding the assignor and denied many bills (defendant’s exhibits A, D). He testified that defendant also received claims in 1999 from Flatbush Diagnostic for physical therapy on, and treatment of the assignor’s ankle, which it timely paid. Defendant also paid claims in 1999 from Alpha Chiro for chiropractic treatment it provided to the assignor’s cervical and lumbar spine.
On June 14, 2007, defendant received a bill for arthroscopic surgery of the assignor’s shoulder which was performed on October 11, 2006. D’Ermilo’s review of the file revealed that, between 2000 through June 2007, Allstate did not receive any further bills from physicians or providers pertaining to the as *700 signor. His review of the file also revealed that the assignor’s shoulder had never been treated within one year of the accident, that no X rays or MRIs or CAT scans were taken of the shoulder, and there had been no chiropractic care of the shoulder. Nor was there any indication that the assignor would require future treatment of the shoulder.
On cross-examination, the claims examiner admitted that his testimony was based upon his review of the electronic files and that Allstate had closed the physical file on the assignor back in December 1999. His testimony was based solely upon the denials that Allstate had issued and which had been stored in Allstate’s computer system; Allstate no longer had access to the assignor’s application for benefits (NF-2) back in 1999. He did not know whether any chiropractic or physical therapy notes had been submitted to Allstate back in 1999 or what the chiropractor’s diagnosis had been.
At the close of the defendant’s case, plaintiff argued that defendant had the burden of proving, by the preponderance of the evidence, that the 2007 claim for arthroscopic surgery was not related to the accident. Plaintiff contended that it was impossible for defendant to meet this burden as the claims examiner was not a doctor, and that pursuant to Mount Sinai Hosp. v Triboro Coach (263 AD2d 11 [2d Dept 1999]), the issue of lack of causation could only be established through the testimony of an expert witness. Defendant countered that since there was no dispute that between 2000 and 2007 the assignor had not presented any bills for treatment, and that the 1999 to 2000 bills were solely for the cervical/lumbar spine and the ankle, defendant had met the burden of proving that the injury to the assignor’s shoulder was not ascertainable within one year of the accident.
Insurance Law § 5102 (a) (1) provides, in pertinent part, that an insurer must pay all necessary medical expenses of its insured without limitation as to time “provided that within one year after the date of the accident causing the injury it is ascertainable that further expenses may be incurred as a result of the injury.” (Emphasis added.) The implementing regulations (11 NYCRR 65-1.1 [d] [Sec I, Medical Expense]) further provide that “medical expenses will not be subject to a time limitation, provided that, within one year after the date of the accident, it is ascertainable that further medical expenses may be sustained as a result of the injury.”
The scant case law interpreting this provision has held that “an injury is not ascertainable if no evidence of it is submitted *701 to the insurer within a year of the accident.” (Stanavich v General Acc. Ins. Co. of Am., 229 AD2d 872, 873 [3d Dept 1996].) For example, if an insured submitted expenses for a cervical injury and then three years later submitted expenses for a knee injury, the latter would not be ascertainable within the meaning of section 5102. On the other hand, if the subsequent treatment was for cervical injury, “that injury would be ascertainable since expenses for treatment for that injury had been submitted to the insurer within the one-year period.” (229 AD3d at 873.)
In Hospital for Joint Diseases v Allstate Ins. Co. (21 AD3d 348 [2d Dept 2005]), the Appellate Division, Second Department, further spelled out how this defense could be raised, albeit through a motion for summary judgment. After a plaintiff made out a prima facie case, the defendant had to raise a triable issue of fact as to whether the medical expenses submitted beyond a year after the accident “were for injuries for which expenses for treatment had not been submitted to it within one year of [his] accident.” (Id. at 349, quoting Stanavich at 873; see 11 NYCRR former 65.15 [now § 65-1.1].) The court also held that the defendant’s failure to assert this statutory-exclusion defense within 30 days of the receipt of the no-fault claim constituted a waiver. (Id., citing Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 286 [1997]; see also Matter of Fields [Allstate], AAA case No. 4120070557, Mar. 20, 2008 [failure to submit any evidence which indicated that the applicant would in fact require further treatment after a gap of almost five years]; Ops Gen Counsel NY Ins Dept No. 08-04-16 [Apr. 2008]; see also Barki v Employers Mut. Liab. Ins. Co. of Wis., 87 Misc 2d 912, 913 [Kingston City Ct 1976] [burden is upon plaintiff to prove the fact of “ascertainability” within one year of the accident].)
Thus, according to Stanavich and its progeny, it would appear that as long as the insurance company can prove that it received no claims for a shoulder injury within one year of the accident, it would prevail on its defense that a claim submitted for a shoulder injury some seven years after the accident was not ascertainable within one year of the accident. However, plaintiff contends that only a medical expert can establish that a claim for a new type of injury was not ascertainable, from the medical claims previously supplied, within a year of the date of the injury. Plaintiff is, in essence, contending that it is entitled to a presumption of medical necessity, regardless of the time frame in which it submits a claim, and that defendant can only rebut *702 this presumption by establishing a lack of medical necessity through an expert.*
Under the No-Fault Law, individuals are entitled to be compensated for “basic economic loss” resulting from injuries caused by the operation of a motor vehicle. (Insurance Law § 5101 et seq.) “Basic economic loss” is defined to include “[a] 11 necessary expenses” incurred for medical services “all without limitation as to time, provided that within one year after the date of the accident ... it is ascertainable that further expenses may be incurred as a result of the injury.” (Insurance Law § 5102 [a] [1]; 11 NYCRR 65-1.1; see Precision Diagnostic Imaging, P.C. v Travelers Ins. Co., 8 Misc 3d 435, 438 [Civ Ct, NY County 2005].)
A presumption of medical necessity attaches to a timely submitted no-fault claim. (All County Open MRI & Diagn. Radiology P.C. v Travelers Ins. Co., 11 Misc 3d 131 [A], 2006 NY Slip Op 50318[U] [App Term, 9th & 10th Jud Dists 2006].) The burden then shifts to the defendant to rebut the presumption of medical necessity. (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 18 [App Term, 2d Dept 2004]; A.B. Med. Servs. PLLC v Utica Mut. Ins. Co., 10 Misc 3d 50 [App Term, 2d & 11th Jud Dists 2005]; A Plus Med., P.C. v Government Empls. Ins. Co., 21 Misc 3d 799 [Civ Ct, Kings County 2008].)
However, the term “provided that” constitutes a proviso to this section of the No-Fault Law. According to the general rules for statutory construction, the words “provided, however,” are deemed to denote the expression of a limitation or exception. (Matter of Livingston, 14 AD2d 264, 265 [1st Dept 1961].) “It is the province of a proviso to restrain the enacting clause, to take something back from the power first declared, to except something which would otherwise have been within it, or in some measure to modify the enacting clause.” (Id., quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 212.) Thus, a proviso is “ ‘a condition, qualification, or limitation,’ a clause ‘to modify the operation of that part of the statute.’ ” (Ferrer v *703 State of New York, 136 Misc 2d 218, 221 [Ct Cl 1987], quoting Webster’s Third New International Dictionary 1827 [unabridged 1993 ed]; Statutes § 212; see County of Erie v City of Buffalo, 4 NY2d 96, 103-104 [1958].)
The term “provided that within one year after the date of the accident ... it is ascertainable that further expenses may be incurred as a result of the injury” thus serves as an exception or limitation to the presumption of medical necessity that generally attaches to claims that are submitted within one year of the accident. In other words, as long as the insurer can establish that it timely denied the claim and that no claims were presented to it within one year of the accident that were for injuries that were subsequently submitted outside of the one-year period, the insurer will prevail.
This construction comports both with explicit language of the proviso and with the legislative purpose behind the enactment of the No-Fault Law. The governing rule of statutory construction is that when the statutory “language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of [the] words” used. (People ex rel. Harris v Sullivan, 74 NY2d 305, 309 [1989], citing Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 675 [1988].) Furthermore, it is a general rule of construction that “omissions in a statute, where the act is clear and explicit in its language, cannot be supplied by construction.” (Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth., 79 AD2d 516, 517 [1st Dept 1980]; Statutes §§ 75, 363.) Thus, a court cannot insert words into a statute that are not there and cannot read into a statute a provision which the Legislature did not see fit to enact. (People v Harris Corp., 123 Misc 2d 989, 995 [Clinton County Ct 1984].)
The proviso requires that within one year of the accident, it is ascertainable that further expenses may be incurred. Ascertainable has a clear and unambiguous meaning: “to find out or learn with certainty,” to discover. (Webster’s New Collegiate Dictionary.) The clause does not require that it be medically ascertainable that further expenses be incurred. Thus, if within a year it is not clear with certainty or discoverable that further expenses may be incurred, the insurer is under no obligation to pay for services rendered way after a year has expired. This determination can be made by a claims examiner who reviews records submitted or denials made on claims within the first year of the accident.
Moreover, this interpretation comports with the goal behind the No-Fault Law — to promote the “prompt payment of legiti *704 mate claims” (Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294, 300 [2007]), and the prompt resolution of injury-claims. (Pommells v Perez, 4 NY3d 566 [2005]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 285 [1997] [“(t)he tradeoff of the no-fault reform still allows carriers to contest ill-founded, illegitimate and fraudulent claims, but within a strict, short-leashed contestable period and process designed to avoid prejudice and red-tape dilatory practices”]; All Health Med. Care v Government Empls. Ins. Co., 2 Misc 3d 907, 910 [Civ Ct, Queens County 2004].) The regulations require insurers to act quickly in evaluating insureds’ claims and to avoid prejudicial delays. (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 225 [1986]; Psych. & Massage Therapy Assoc., PLLC v Progressive Cas. Ins. Co., 5 Misc 3d 723, 725 [Civ Ct, Queens County 2004].) Accordingly, it is the court’s duty to interpret and apply the no-fault regulations in a consistent manner leading to the prompt payment of valid, documented claims. (Marigliano v New York Cent. Mut. Fire Ins. Co., 15 Misc 3d 766, 774 [Civ Ct, NY County 2007].)
To hold otherwise, and require an insurance company to present a medical expert to validate a claims examiner’s testimony that the assignor failed to file any claims relating to the shoulder within a year of the accident, would run contra to the intent of the legislation and stymie the insurer’s expeditious processing of claims. It would force insurers to dwell on every claim they received to ascertain what claims for possible new injuries might be sent by the assignor more than a year after the assignor submitted his initial claims. The insurers would be foreclosed from closing any cases for fear that they might need a medical expert, some seven years after the accident, to pour over notes from doctors that were submitted within the initial year of the accident to opine as to whether the claim for new injuries was ascertainable within one year of the accident.
In light of the above, defendant has proved its defense. Since plaintiff offered no evidence to rebut defendant’s proof that the injury for the shoulder was not readily ascertainable within one year of the accident, judgment is rendered for defendant and the case is dismissed.

 Plaintiffs reliance on Mount Sinai Hosp. v Triboro Coach (263 AD2d 11 [1999]) is misplaced since Mount Sinai did not involve a determination as to whether a claim for a new injury, presented more than a year after the accident, was ascertainable, from the records presented, within a year. Rather, it involved the purely medical determination as to whether an injury was entirely preexisting (i.e., not covered under the insurance agreement) or was in whole or part caused by an insured accident, which would require a review of medical facts. (263 AD2d at 18.)