Beal-Medea Products, Inc., as Assignee of Shachar Blau, Appellant,
against
Geico General Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered June 10, 2013. The order denied plaintiff's motion to vacate a prior order of the same court, made at a jury trial, granting defendant's oral motion pursuant to CPLR 4401 for judgment dismissing the complaint.
ORDERED that the order entered June 10, 2013 is reversed, with $30 costs, plaintiff's motion to vacate the prior order granting defendant's oral motion pursuant to CPLR 4401 for judgment dismissing the complaint is granted, defendant's oral motion is denied, and the matter is remitted to the Civil Court for a new trial. 
At a jury trial of this action by a provider to recover assigned first-party no-fault benefits, plaintiff sought repeatedly to have its purported assignment of benefits admitted into evidence. The Civil Court denied each application, and ultimately granted defendant's oral CPLR 4401 application to dismiss the complaint, finding that plaintiff could not establish a prima facie case because it had been unsuccessful in having its assignment of benefits admitted into evidence. Plaintiff appeals from an order of the Civil Court entered June 10, 2013 which denied its subsequent motion to vacate the trial order dismissing the complaint.
Plaintiff's motion should have been granted. Defendant's CPLR 4401 motion for judgment as a matter of law was made before the close of plaintiff's case, and was therefore premature (see Kamanou v Bert, 94 AD3d 704 [2012]). Furthermore, the court's reason for granting the application was erroneous, as a no-fault plaintiff is not required to submit an executed assignment of benefits in order to demonstrate its prima facie entitlement to recover on a no-fault claim (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]; Hospital for Joint Diseases v Allstate Ins. Co., 21 AD3d 348 [2005], affd 9 NY3d 312 [2007]; Urban Radiology, P.C. v GEICO Gen. Ins. Co., 39 Misc 3d 146[A], 2013 NY Slip Op 50850[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Rather, for the assignment of benefits to become a subject of inquiry, a defendant must first demonstrate that it timely and properly raised an issue with respect to the assignment (see Hospital for Joint Diseases, 21 AD3d 348; Urban Radiology, P.C., 39 Misc 3d 146[A], 2013 NY Slip Op 50850[U]).
Accordingly, the order entered June 10, 2013 is reversed, plaintiff's motion to vacate the prior order granting defendant's oral motion pursuant to CPLR 4401 for judgment dismissing the complaint is granted, defendant's oral motion is denied, and the matter is remitted to the Civil [*2]Court for a new trial.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: April 08, 2016