■ In the Matter of IKEA U.S., Inc., Appellant, v INDUSTRIAL BOARD OF APPEALS et al., Respondents. [660 NYS2d 585] —In a proceeding pursuant to CPLR article 78 to review so much of a resolution of the respondent Industrial Board of Appeals, dated June 7, 1995, as confirmed that part of a determination of the respondent Commissioner of Labor, dated October 7, 1994, which found that the petitioner violated Labor Law § 191 (1) (a) by failing to pay weekly wages to manual workers not later than seven calendar days after the end of the week in which the wages were earned, the appeal is from a judgment of the Supreme Court, Nassau County (Kutner, J.), dated July 26,

1996, which confirmed that part of the determination and dismissed the petition on the merits.

Ordered that the judgment is vacated, on the law; and it is further,

Adjudged that that part of the determination which found that the petitioner violated Labor Law § 191 (1) (a) by failing to pay weekly wages to manual workers not later than seven calendar days after the end of the week in which the wages were earned is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the respondents are awarded one bill of costs.

Since the petition raises a substantial evidence question, the Supreme Court should have transferred the proceeding to the Appellate Division (see, Matter of G & G Shops v New York City Loft Bd., 193 AD2d 405). Nonetheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here (see, Matter of Duso v Kralik, 216 AD2d 297; Matter of Reape v Gunn, 154 AD2d 682).

We find that the determination is supported by substantial evidence in the record (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). The testimony of the petitioner's manager of Human Resources clearly established that the petitioner employed "manual workers" within the meaning of Labor Law § 190 (4) (see generally, People v Interborough R. T. Co., 169 App Div 32), and that the petitioner violated Labor Law § 191 (1) (a) by paying wages to those employees pursuant to the petitioner's system-wide bi-weekly payroll scheme, rather than paying them weekly as required by the statute. The fact that those named employees also "assist customers when necessary" does not affect this conclusion, since the qualification "when necessary" indicates that assisting customers was not their principal function, and may be regarded as merely incidental to their principal employment (see, Matter of Stryker, 158 NY 526, 530-531).

We further find that the petitioner's payroll system was not in compliance or substantial compliance with the statute. Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.