Phillips v Max Finkelstein, Inc. (2021 NY Slip Op 21232)

Phillips v Max Finkelstein, Inc.

2021 NY Slip Op 21232 [73 Misc 3d 1]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 27, 2021

[*1]

Jesse Phillips, Appellant,
v
Max Finkelstein, Inc., et al., Respondents.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, August 26, 2021

Phillips v Max Finkelstein, Inc., 66 Misc 3d 514, modified.

APPEARANCES OF COUNSEL

Borrelli & Associates (Michael R. Minkoff, Alexander T. Coleman and Michael J. Borrelli of counsel) for appellant.
Proskauer Rose LLP (Harris M. Mufson of counsel) for respondents.

{**73 Misc 3d at 2} OPINION OF THE COURT

Memorandum.

Ordered that the order is modified by denying the branch of defendants' motion seeking summary judgment dismissing plaintiff's first cause of action; as so modified, the order is affirmed, without costs.
For several years, plaintiff was employed by defendant Max Finkelstein, Inc. as a "manual employee" (see Labor Law § 190 [4]) at a warehouse that was managed by defendant Michael Weller. During the term of his employment, plaintiff was paid biweekly and, with each payment, was provided with a wage statement (see Labor Law § 195 [3]). After his employment terminated, plaintiff commenced this action in the Supreme Court, Suffolk County. Plaintiff seeks damages in his first cause{**73 Misc 3d at 3} of action based on defendants' failure to pay him on at least a weekly basis, and, in his second cause of action, based on defendants' alleged failure to provide him with proper wage statements. The matter was removed to the Suffolk County Court pursuant to CPLR 325 (d), where defendants moved to dismiss plaintiff's first and second causes of action pursuant to CPLR 3211 (a) (7) or, in the alternative, for summary judgment dismissing those causes of action pursuant to CPLR 3212. Plaintiff appeals from an order of the Suffolk County Court granting defendants summary judgment dismissing the first and second causes of action.
[*2]
The payment of plaintiff's wages on a biweekly basis violated Labor Law § 191 (1) (a) (i), pursuant to which manual workers must generally "be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned." In Vega v CM & Assoc. Constr. Mgt., LLC (175 AD3d 1144 [2019]), the Appellate Division, First Department, concluded that the payment of a manual worker's wages on a biweekly, rather than a weekly, basis supports a private action for liquidated damages, interest and attorney's fees pursuant to Labor Law § 198 (1-a). In response to the defendant's argument that section 198 provides remedies only in the event of nonpayment or partial payment, but not in the event of late payment, of wages, the Vega Court concluded, among other things, that "the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191 (1) (a) but pays all wages due before the commencement of an action" (id. at 1145), and that a private right of action exists to enforce the rights established under section 198 (see id. at 1146).
Defendants contend that, in Matter of IKEA U.S. v Industrial Bd. of Appeals (241 AD2d 454 [1997]), the Appellate Division, Second Department, reached a contrary result with respect to a manual worker's private right to sue based on his or her employer's payment of wages less frequently than on a weekly basis. However, unlike Vega, which, like the case at bar, arose from a plenary action for damages, in IKEA, the Second Department merely confirmed the determination of the Commissioner of Labor that an employer's payment frequency constituted a violation of Labor Law § 191 (1) (a) and the Commissioner's imposition of a penalty on the employer, without addressing the viability of a private cause of action for the same statutory violation. We are equally unpersuaded by defendants' arguments with respect to Labor Law § 218. Although {**73 Misc 3d at 4}section 218 authorizes the Commissioner to impose civil penalties for violations of article 6 of the Labor Law, it does not preclude private causes of action. Moreover, Labor Law § 198, which authorizes the Commissioner to bring "any legal action necessary" on behalf of "any employee paid less than the wage to which he or she is entitled" (Labor Law § 198 [1-a]), also specifically authorizes wage claims by employees, and states that the remedies provided by article 6 of the Labor Law "may be enforced simultaneously or consecutively so far as not inconsistent with each other" (Labor Law § 198 [2]).
As this court is bound by principles of stare decisis to follow precedents set by the Appellate Division of another department until the Court of Appeals or the Appellate Division, Second Department, pronounces a contrary rule (see Fortune Med., P.C. v New York Cent. Mut. Fire Ins. Co., 20 Misc 3d 32, 34 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; see also Maple Med., LLP v Scott, 191 AD3d 81, 90 [2020]; Mountain View Coach Lines v Storms, 102 AD2d 663 [1984]), the decision of the Appellate Division, First Department, in Vega v CM & Assoc. Constr. Mgt., LLC (175 AD3d 1144 [2019]), is controlling on the issue of whether plaintiff stated a cause of action for damages, pursuant to Labor Law §§ 191 (1) (a) and 198 (1-a). Thus, the Suffolk County Court erred in dismissing plaintiff's first cause of action.
Labor Law § 195 (3), upon which plaintiff premises his second cause of action, mandates only that, "with every payment of wages," an employee be provided with a statement that lists, among other items, the dates of work covered by that payment. Since it is undisputed that [*3]plaintiff was provided with such a statement with every wage payment he received, the Suffolk County Court properly dismissed plaintiff's second cause of action (see Rojas v Hi-Tech Metals, Inc., 2019 NY Slip Op 32755[U] [Sup Ct, Queens County 2019] [in frequency-of-payment case, the court dismissed the employee's cause of action under Labor Law § 195 (3)]; Hunter v Planned Bldg. Servs., Inc., 2018 NY Slip Op 31541[U] [Sup Ct, Queens County 2018] [same]).
We reach no other issue.
Accordingly, the order is modified by denying the branch of defendants' motion seeking summary judgment dismissing plaintiff's first cause of action.
Ruderman, P.J., Driscoll and Voutsinas, JJ., concur.